Weaver *v.* Atlantic Roofing Co.

CAROLINE M. WEAVER

*v.*

THE ATLANTIC ROOFING COMPANY et al.

[Filed July 20th, 1898.]

1. Where a contractor stipulates to alter an old building and erect new work, by a contract in writing, agreeing "to make *such* alterations and erect *such* new work as shown on plans and described in specifications, and finish the same in good, substantial and workmanlike manner, on lot situated on the north side of Pacific avenue, designated 703, Atlantic City, New Jersey, agree-

able to the plans and specifications hereto annexed and forming part of this agreement," the plans and specifications are necessary to disclose and define what alterations are to be made, and what new work to be constructed, and these plans and specifications must be filed with the contract as prescribed by section 2 (now section 37) of the Mechanics' Lien act, in order to exclude workmen and materialmen from the privilege of filing a lien under that act.

2. In such a case if the plans and specifications be not filed with the contract, and the workmen and materialmen be not thus prevented from filing liens, no effectual notice can be given by them to the owner under the provisions of section 3 (now section 38) of the act, to retain from the contract price and pay to them the money due them from the contractor.

3. It is not necessary to an effectual equitable assignment that immediate payment of the money assigned should be ordered to be made to the assignee. It is necessary that the assignor should, by the assignment, strip himself of his interest in the fund or in some part thereof. The assignment may be absolute or may be subject to prior equities.

4. The provisions of the fifth section of the supplement to the Mechanics' Lien act, approved March 14th, 1895 (*Gen. Stat. p. 2074*), securing to workmen and materialmen who give notice, &c., a preference out of the contract price, have no application unless the contract be duly filed as provided in the act.

On bill, answer and stated and agreed facts.

The complainant files her bill of complaint in the nature of an interpleader, seeking to be protected from the conflicting claims of the defendants upon $745.78, which has been deposited in this court as the money remaining due under the terms of a contract made between the complainant and one Ellwood Thompson for the alteration of an old building and the erection of a new part of a building at Atlantic City. The contract is dated February 20th, 1896, and thereby the contractor, Thompson, agrees

"*to make such alterations and erect such new work as* shown on the plans and described in specifications and finish the same in good, substantial and workmanlike manner, on lot situated on the north side of Pacific avenue, designated as 703, Atlantic City, New Jersey, agreeable to the plans and specifications hereto annexed and forming a part of this agreement."

On June 4th, 1896, the contract was filed. The specifications mentioned in the contract were not filed at any time. There

Weaver *v.* Atlantic Roofing Co.

was no other definition of the extent of the work to be done or the materials to be furnished under the contract than is indicated by the above-quoted clause.   The defendants are the workmen and materialmen who furnished work and materials for the alterations and construction of the building, and who were not paid by the contractor, some of whom claim to have given notices under the third section (now the thirty-eighth) of the Mechanics' Lien act (*Gen. Stat. p. 2073*) and others of whom make claims upon the funds remaining in the hands of the owner by reason of orders for payment given by the contractor upon the owner.   The complainant prays that the claimants may be restrained from proceeding at law against her, that she may pay the balance of the money in her hands into this court, and that the defendants may interplead and adjust the matters in controversy as between themselves.

The defendants filed answers substantially admitting the facts set forth in the complainant's bill, but disputing, as between themselves, the priority of their several claims upon the fund. A decree has been made that the complainant is entitled to the relief prayed for and that the defendants shall interplead and adjust their claims upon the fund as between themselves.   An agreed statement of facts entered into by all the defendants has been filed, and the cause has been argued upon the facts and the disputing answers of the defendants, taken under the modern practice to be interpleadings.

*Mr. Carlton Godfrey,* for the Atlantic Lumber Company.

*Messrs. August Stephany & Son,* for V. B. Griffin & Son.

*Mr. Charles C. Babcock,* for Showell & Clark, Edward S. Lee, J. J. Finklepaugh, Samuel E. Kears and David Pettit & Company.

*Mr. Clarence L. Cole,* for Edward Moss, the Atlantic Roofing Company and Charles L. Cranmer.

GREY, V. C.

It has been settled in this state that to invest a claimant, for work done or materials furnished in constructing a building, with the right, under the third section of the Mechanics' Lien act, to give notice to the owner demanding payment of the debt due the claimant from the contractor, the building must have been erected by contract in writing, filed in the clerk's office, under section 2 (now section 37 of that act), in such manner that the claimant is thereby deprived of his right to file a mechanics' lien. In case there is no such contract and filing his remedy is by proceeding by way of lien, under the first section of the act. *Summerman* v. *Knowles, 4 Vr. 205.*

The second section of the act (as now amended, *Gen. Stat. p. 2073 § 37*) provided that when the building shall be erected in whole or in part by contract in writing, the building and the land whereon it stands shall be liable to the contractor alone for work done or materials furnished in pursuance of such contract, provided that the contract or duplicate thereof with the specifications accompanying the same be filed, &c. The requirement that the contract shall be filed is to inform laborers and materialmen to what extent the building is exempt from liens and how far they must look to the contractor alone for their pay. When, by the terms of the contract filed, all the work is agreed to be done and all the materials are agreed to be furnished by the contractor, the contract sufficiently advises workmen and materialmen that all work and material is to be furnished by the contractor. But where the contract is so expressed that only such new work and such alterations of old work are to be done under the contract, as may be shown by the specifications, to which reference is made, as forming part of the contract, then the specifications as well as the contract must be filed for the purpose of giving notice to the workmen and materialmen in order that they may be advised how far they are excluded from their right to a lien and to what extent they must rely upon the contractor alone for payment. *Pimlott* v. *Hall, 26 Vr. 193; La Foucherie* v. *Knutzen, 29 Vr. 236,* and cases there cited. The test whether the specifications referred to in the contract

must be filed with it, in order to free the building from liability
to lien, is expressed with precision in the opinion of Chancellor
McGill in *Freeman* v. *Sandknop, 8 Dick. Ch. Rep. 245.* The
learned chancellor there states the question to be, " Is it necessary
to examine the specifications referred to in the contract to ascer-
tain how much of the work and materials in the erection of the
building it covers? If it is necessary, the contract was not
properly filed, and the claimants have their liens, and cannot
be obliged to look to the fund in court."

Applying this clearly-stated rule to the contract now under
consideration, it does not provide that the contractor shall do all
the work and furnish all the materials named in the plans and
specifications. The terms of the contract show that the work
intended to be done, under the agreement, included both the
making of alterations of a building and the construction of new
work, but the contract did not express what alterations were in-
tended to be made, nor what new work was to be erected, save
by a reference to the plans and specifications which it stated
were thereunto annexed. For all information as to the work to
be done or materials to be furnished, the parties interested are
referred to the specifications. If a workman had been employed
by the contractor to work on the owner's building, and he ex-
amined the contract to ascertain whether the particular work
upon which he was engaged was within or without the contract,
he would have been unable to tell whether the alterations or
new work on which he did labor were included in the contract
or not, unless he had the plans and specifications also, because
it was only such work as these called for that the contract re-
quired to be done. In the contract under consideration it is not
in terms declared that the contractor shall do work on a portion
of the building or furnish a portion of the materials, yet it is
plain that the work in hand was not the construction of an entire
house, or a single thing which might be included in a general
agreement to complete it, and thereby make needless an inspec-
tion of the plan and specifications in order to know the scope of
the contract. The phrasing of the contract shows that altera-
tions of an old structure and construction of new work were

within the contemplation of the parties, and that the plans and specifications were referred to as defining what part was to be altered, and how, and what part newly constructed. It was therefore impossible for anyone to know, without inspecting the plans and specifications, what work the contractor agreed to do and what materials he agreed to furnish. Under these circumstances the filing of the contract without the plans and specifications did not relieve the land from liability to lien, and workmen and materialmen have no right to resort to the remedies provided by the third section (now the thirty-eighth section) of the Lien act.

This condition renders ineffectual all the notices claimed to have been given by workmen and materialmen to the owner to retain and pay from the contract price, by virtue of the provisions of the latter section. All who were in this class of creditors of the contractor had their remedy by filing a lien claim under the first section and the other provisions of the act, from which they were not precluded by the filing of the contract alone. *Summerman* v. *Knowles, ubi supra.*

The effect of this situation was that the contract price was left in the hands of the owner open to the disposition of the contractor by giving orders upon it in the nature of equitable assignments.

In the case of *Slingerland* v. *Binns* the court of appeals interpreted the fifth section of the supplement to the Mechanics' Lien law approved March 14th, 1895. *Gen. Stat. p. 2074.* That court declared that workmen and materialmen who served notices upon the owner secured under the terms of that act, a right to payment from any moneys thereafter growing due upon the contract, in preference to the right of persons to whom the contractor had, by orders given, assigned such money before the notices were served. But the terms of the statute are applicable only to those cases where there is a written contract which has been duly filed, whereby the land has been freed from liens and workmen and materialmen are relegated to the moneys due on the contract. When it appears, as in this case, that the contract is inefficient (by reason of the non-filing therewith of the plans

and specifications) to cut off claimants from their right to a lien, the fifth section of the supplement of 1895 and the interpretation of it in the case last cited, have no application.

In ascertaining the order of priority of those who claim equitable assignments of the fund in the hands of the owner, the defendants V. B. Griffin & Son assert their right under a notice of which the following is a copy.

"Atlantic City, N. J., 5, 15, 1896.

"*Mrs. C. M. Weaver, Philadelphia:*

"Dear Madam—You are hereby authorized to hold sufficient funds on my contract with you for extension to your cottage No. 703 Pacific avenue, in favor of V. B. Griffin and Son, No. 1518 Atlantic avenue, as may be sufficient to cover their bill for heating and plumbing, probably amounting to $200.00, at which time, with the approval of your contractor, a release of lien will be signed by V. B. Griffin and Son.

"(Signed)        E. Thompson, Jr."

The above notice and authorization was served upon the complainant, Mrs. Weaver, on or about the 15th day of May, 1896.

No particular form of words is necessary to constitute an equitable assignment. *Bower* v. *Hadden Blue Stone Co., 3 Stew. Eq. 171, 340.* Any writing or act which indicates the intent of the assignor to make an appropriation of the fund or part of it will in equity be enforced as an assignment. *Harlem Bank* v. *Bayonne, 3 Dick. Ch. Rep. 253; Lanigan* v. *Bradley & Currier Co., 5 Dick. Ch. Rep. 205,* and cases cited.

The writing above quoted does not, in terms, transfer to G. & Son the immediate absolute ownership of the sum necessary to cover their bill. It directs Mrs. Weaver, who had the fund, to hold in favor of G. & Son a sufficient portion of it to cover their bill. This was an appropriation by Thompson, who owned the money, or a part of it, for the benefit of G. & Son, and Mrs. W. became, by this appointment, a trustee, to retain for G. & Son enough of the fund to pay their bill. So far as Thompson was concerned, he had, by giving this order, finally disposed of his interest in so much of the fund as was necessary to meet G. & Son's bill, and he could exercise no further control over this

portion. The essential requisite of such an assignment is not the vesting of a right to immediate payment in the party in whose favor it is given, for it may be subject to prior equities (*Harlem Bank* v. *Bayonne, 3 Dick. Ch. Rep. 205*), but that the assignor should presently strip himself of his interest in the fund or in some part thereof. This he may do by directing payment to the party to be benefited, or to some one else for his use. It may be either an absolute or a conditional order, by a direction for immediate payment, or for a retention to secure a future payment. When made, the effect of the transfer by the assignor must be such that no power remains with him to revoke or control the disposition made. In the matter in hand it was the clear intention of Thomspon to deprive himself of further control over so much of the fund as was necessary to repay G. & Son's bill, and he did this by directing Mrs. W. to retain that much in favor of G. & Son. The object of this method of disposition is indicated by the reference to a release of liens to be given by G. & Son for the benefit of both Thompson, the builder, and Mrs. W., the owner. This direction was served on Mrs. W. on May 15th, 1896, and secured the holding for Griffin & Son of a sum " sufficient to cover their bill for heating and plumbing," probably amounting to $200. In actual fact the sum due them amounts to $331.34, as is admitted by the stipulation on file.

The next order to pay was partly verbal and partly written, and was given June 1st, 1896, by Thompson, the contractor, to Mrs. Weaver, to pay the defendant Edward Moss $48.08 by presenting to her on that day Moss' bill, marked by Thompson approved " 6/1/96," but without signing it. Neither a written direction to pay nor signature to the approval of the bill was necessary. It was Thompson's money, and his presentation of Moss' bill to Mrs. Weaver and direction to her to pay it, was a transfer of that much of the fund. *Lanigan* v. *Bradley, 5 Dick. Ch. Rep. 205.* This disposed of $48.08 to Moss.

A large number of notices under the third section (now thirty-eighth) of the Mechanics' Lien act were served at different dates between June 6th, 1896, and August 17th 1896, upon the assump-

tion that the filing of the contract without the specifications effectually prevented the filing of liens by anyone but the contractor. The error of this assumption in this case has been above shown and all these notices were ineffectual to dispose of the fund. These notices are also criticised because they were served on Mr. Hoffman, an attorney then acting for Mrs. Weaver. The agreement does not state that he was acting for her in the particular transaction in question, and it is also insisted that the notices were of no force unless served personally on Mrs. Weaver. I consider neither of these points, as the notices must fail because as above shown the contract did not deprive these parties of their liens.

On October 1st, 1896, the defendants Showell & Clark obtained from Thompson, and served on Mrs. Weaver, a written and signed order for the payment of $113. This transferred $113 more.

On October 23d, 1896, the defendants V. B. Griffin & Son served on Mrs. Weaver a more formal assignment to them by Thompson for their bill of $331.34 out of the fund, with an authorization to Mrs. Weaver to pay that sum to G. & Son. This was an authorization to Mrs. Weaver actually to pay to G. & Son the sum of $331.34 for the amount of their bill, and was delivered to G. & Son and served on Mrs. Weaver at such early date that even if the first direction in favor of G. & Son were inoperative as an equitable assignment, there remained enough of the fund to pay G. & Son's bill, and this latter assignment certainly transferred to them an amount sufficient to pay the whole of the bill.

The defendant the Atlantic Roofing Company afterwards, but on the same day, October 23d, 1896, received from Thompson, and served a like assignment on Mrs. Weaver for the sum of $180.25.

On October 28th, 1896, the defendant Charles A. Cranmer received and served a like assignment for $300. If there be enough of the fund to pay this defendant anything, it is certain that this latter assignment more than exhausted the fund, so that the account stands thus:

Fund deposited in this court......................................$745 78

$.........

Expenses of this suit deducted :

Due, first, to defendants V. B. Griffin & Son. ..............$331 34

Due, second, to defendant Edward Moss...................... 48 08

Due, third, to defendants Showell & Clark.................... 113 00

Due, fourth, to defendants Atlantic Roofing Company.... 180 25

Due, fifth, to defendant Charles Cranmer the residue, not

exceeding........................................................... 300 00

$.........

There are one or two more claims by way of equitable assignment which fail because the fund is insufficient to pay them.

I will advise a decree in accordance with the above opinion.