17 N.J. Super. 33 (1951)
85 A.2d 275
SUBURBAN LUMBER COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
VICTOR GERBER, OWNER, DEFENDANT-RESPONDENT, AND KARLSTAD BUILDING CO., INC., BUILDER, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued November 26, 1951.
Decided December 27, 1951.
*35 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. W. Louis Bossle argued the cause for appellant.
Mr. A. David Epstein argued the cause for respondent (Messrs. Rose & Epstein, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Judgment in this mechanic's lien action was entered in the Superior Court, Law Division, in favor of the plaintiff, generally against the defendant Karlstad Building Co., Inc., builder, for $3,379.34 and specially for $927.42 of the former sum against the land and building of defendant Victor Gerber, owner. The sole question presented is whether the special judgment should have been for the full amount claimed, namely, $3,379.34.
The facts were stipulated and the case submitted to the trial court for determination. Gerber, the owner of the land, entered into a building contract with Karlstad Building Co., Inc., as builder, and the contract was filed on August 5, 1949. The plaintiff, which had filed its notice of intention on July 15, 1949, sold building materials to the builder and made deliveries commencing July 15, 1949, and ending October 4, 1949. It was stipulated that the value of all materials delivered was $3,379.34 and that the value of the part thereof delivered before the filing of the contract was $927.42. The trial court denied a lien for the value of the materials delivered after August 5, 1949, on the ground that a lien therefor was barred by the filing of the contract together with the specifications pursuant to R.S. 2:60-115.
R.S. 2:60-115 gives immunity from the mechanic's lien claims of persons, other than the building contractor, for labor performed or materials furnished, only "if the contract or a duplicate thereof, together with the specifications accompanying the contract or a copy or copies thereof, are, before the labor is performed or materials furnished, filed with the *36 proper county clerk. The plans for the building need not be filed, whether or not referred to in the contract." Prior to 1895, the pertinent statutory language was "provided such contract or a duplicate thereof be filed." The amendment of 1895 (L. 1895, c. 154, § 2) added the requirement that the specifications must also be filed. By amendment in 1910 (L. 1910, c. 271, § 1) it was specifically provided that the plans need not be filed, whether they are referred to in the contract or not.
It was stipulated that the "filed contract with the plans attached thereto * * * shall be submitted to the court herewith for its consideration of the effectiveness of plaintiff's mechanic's lien claim and of said filed contract. * * * The premises in question consist of a one-story structure erected as a store, containing a large store in the front portion, a built-in refrigerator on one side and a toilet on the other side, with adequate plumbing facilities to the rear of the store portion, a large storeroom to the rear of those facilities and a garage to the rear of the storeroom. The building is heated by a furnace which forces hot air through ducts concealed in the ceiling and is fed by cold air ducts located under the concrete floor of the structure."
The only papers filed were the contract and two sheets which were marked "Design by Karlstad Bldg. Co. Inc." and which contained drawings, measurements and a few notations of materials, in an abbreviated form, such as "4" C.F. Asp. Tile 1-2-4 mix."
The contract provided that the builder would erect and finish the new building on the premises in question "agreeably to the drawings and specifications made by Karl Frikstad and signed by the said parties and hereunto annexed * * * for the sum of Eleven Thousand ($11,000.00) Dollars" and that "The Specifications and the Drawings are intended to co-operate so that any works exhibited in the Drawings, and not mentioned in the Specifications, or vice versa, are to be executed the same as if they were mentioned in the Specifications and set forth in the Drawings to the true meaning and *37 intentions of the said Drawings and Specifications, without any extra charge whatsoever," and "Should any dispute arise respecting the true construction or meaning of the Drawings or Specifications, the same shall be decided" by arbitration. Karl Frikstad signed the contract as president and secretary of Karlstad Building Co., Inc.
The trial court found that the plans and specifications were incorporated in one document, namely, the two sheets filed, and that the markings on the document clearly indicated the intention that it should be a plan and specifications, and concluded: "While it may not be as complete nor as artful as might be desired, it is certainly sufficient to meet the requirements of the statute."
The immunity from mechanic's lien under R.S. 2:60-115 is given only when the papers filed are such that a reasonable examination thereof will disclose that they contain the contract and specifications under which the work is to be done. This is so because the person furnishing labor or materials to the builder must decide whether the papers filed constitute the contract and the specifications as required by the statute or whether they do not, in order to determine how to protect himself in case of nonpayment, i.e., whether to file a mechanic's lien or to file a stop notice. Further, the choice is made at his peril. Pfeifer v. Reiman, 10 N.J. Misc. 898 (Ch. 1932); English v. Warren, 65 N.J. Eq. 30 (Ch. 1903); Weaver v. Atlantic Roofing Co., 57 N.J. Eq. 547 (Ch. 1898).
This contract clearly provides that the entire contract for the doing of the work consists of three parts: (1) the contract, (2) the drawings upon which some specifications may be found, and (3) the specifications. The defendant argues that the mention of some specifications on the drawings is a clear indication that the parties intended that the drawings would incorporate the specifications and consequently the specifications were filed as required by the statute. Assuming that the few abbreviated notations of materials contained in the drawings constitute the mention of some *38 specifications, they are, as the defendant admits, obviously far from complete. In the light of the provisions of the contract, the mention of a few specifications on the drawings implied merely an addition to or repetition of those contained in the main specifications, as was to be expected, and in no way indicated that separate specifications did not exist. In the circumstances of this case, the plaintiff had good reason for deciding that the specifications were not filed and that it could rely on its mechanic's lien.
We conclude that the papers filed do not meet the requirements of R.S. 2:60-115 and therefore the land and buildings of Gerber are subject to a lien for $3,379.34, the entire amount claimed.
The judgment shall be modified to provide that the special judgment is for $3,379.34, with interest at six per cent from October 4, 1949. Costs to appellant.