SAMUEL PIMLOTT v. JOHN HALL ET AL.

Under the second section of the Mechanics' Lien law, if the contract between the owner and the contractor, without the specifications, will inform the materialman, knowing the use to be made of his materials, that they are materials which the contractor must furnish pursuant to his contract, then the filing of the contract without the specifications will exclude any lien in favor of the materialman; but if the contract makes it necessary to refer to the specifications in order to obtain this information, then the specifications also must be filed to bar his lien.

On error to Middlesex Circuit.

Argued at November Term, 1892, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, DIXON and REED.

For the plaintiff in error, *Charles T. Cowenhoven.*

For the defendant in error, *John W. Beekman.*

The opinion of the court was delivered by

DIXON, J.    The defendants in error sued below to enforce a lien for materials furnished to Sylvester towards the construction of a house for the plaintiff in error. The sole question now pending arises upon an exception to the ruling of the trial court, that the filing of the contract between Sylvester and the plaintiff in error, without the accompanying specifications, did not bar the lien.

The contract required Sylvester "well and sufficiently to erect and finish the mason work of the new building * * * agreeably to the drawings and specifications * * * signed by the parties, * * *" and to "find and provide such good, proper and sufficient materials of all kinds whatsoever, as shall be proper and sufficient for the completing and finishing of all the mason work of the said building mentioned in the said specifications."

The decisions of this court upon the meaning of the second section of the Mechanics' Lien law seem to have established the propositions, that if the contract between the owner and contractor, without the specifications, will inform the material-man, knowing the use to be made of his materials, that they are materials which the contractor must furnish pursuant to his contract, then the filing of the contract, without the specifications, will exclude any lien in favor of the materialman; but that if the contract makes it necessary to refer to the specifications in order to obtain this information, then the specifications also must be filed to bar his lien. *Ayres* v. *Revere,* 1 *Dutcher* 474; *Babbitt* v. *Condon,* 3 *Id.* 154; *Budd* v. *Lucky,* 4 *Id.* 484.

In the present case the contract appears to require a resort to the specifications in order to ascertain its scope. The contractor was not to provide all the materials needed for the erection of the building, but only such as were necessary to complete the mason work mentioned in the specifications. What this mason work was could be determined only by reference to those specifications. It might be all the mason work of the building; it might be only part of it.

Under the decisions in the cases cited, which have stood for a generation as correct interpreters of the statute, we think the filing of the contract alone was insufficient.

The judgment below should be affirmed.