Freedman *v.* Sandknop.

ABRAHAM FREEDMAN

*v.*

ANTON SANDKNOP et al.

Where a house is built by contract, and it is necessary to refer to the specifi- ·cations to ascertain what part of the labor is to be performed, or what materials are to be furnished by the contractor, the specifications should be filed with the contract, but if the contract provides that the contractor shall do *all* the work, .and furnish *all* the materials, it is not necessary to file the specifications.

---

Freedman *v.* Sandknop.

---

On motion to dissolve injunction. Heard on bill, answers and copy of contract, used at the argument by consent of counsel.

*Mr. George P. Rust* and *Mr. Thomas M. Moore,* for the motion.

*Mr. William W. Watson, contra.*

THE CHANCELLOR.

It appears, by the bill, that the complainant entered into a contract in writing with the defendant Sandknop, in April, 1894, by which the latter became bound to " well and sufficiently erect and finish the new building to be erected " on Dayton avenue, in the city of Passaic, " agreeably to the drawings and specifications made by C. Kevitt," and to " find and provide such good, proper and sufficient materials of all kinds whatsoever as " should " be proper and sufficient for the completing and finishing all the plumbing, carpentering, mason, painting, tinning and other works of said building mentioned in the specifications." The contract contained further provisions, among others, that in case the health authorities of the city of Passaic should compel changes or alterations in the plans, specifications, or any work which should be done in and about the erection of the building, that Sandknop would make all such alterations and changes at his own expense, and that if at any time during the progress of the work the complainant should request any alterations of, or additions to, or omissions from, the contract, they were not to affect or make the contract void, but were to be added to or deducted from its amount, as the case might be, by a fair and reasonable valuation.

Several persons furnished labor and material to Sandknop, during the erection of the building, for which they subsequently demanded payment from the complainant, and for which they now threaten to claim liens upon the building. These claims aggregate, in amount, about $1,800, while the entire sum remaining due to Sandknop is about $1,250.

Assuming that the contract protects him from lien claims, the

complainant has paid the $1,250 into this court in this suit, commenced by him against the contractor and claimants, by which he seeks to compel them to interplead and have their respective rights in the fund settled. He has procured an injunction which restrains them from proceeding at law against him—the injunction which the defendants now move to dissolve.

The statute provides that when any building shall be erected in whole or in part by contract in writing, it shall be liable to the contractor alone for work done or materials furnished in pursuance of the contract, provided, among other things, the contract be filed. *P. L. of 1892 p. 358.* Thereby it is prescribed, also, that when the owner of a building contracts in writing for the performance of work in the erection of the building, the contractor alone shall have a lien for the work done and materials furnished in performance of the contract, if, among other things, the contract be filed. One reason why the contract is required to be filed is that anyone performing labor or furnishing materials, in the erection of the building, may, upon examining the files, know precisely what work the contractor is to do, and consequently the extent to which the building is exempt from a lien by him for the work he may do and the materials he may furnish, and how he should limit any credit he may conclude to give. If the contract refers to plans and specifications of the work, and it is necessary to examine them in order to ascertain how much of the building the contract covers, to complete the notice contemplated by the statute, they also must be filed. *Ayres* v. *Revere, 1 Dutch. 474; Babbitt* v. *Condon, 3 Dutch. 162; Budd* v. *Lucky, 4 Dutch. 484; Pimlott* v. *Hall, 26 Vr. 192.*

In the present case it appears that the contract with Sandknop, referring as has been seen to specifications, was filed, but that the specifications were not filed. The defendants rely upon this omission to justify their insistment that the building is not exempt from liens for their claims. It is perceived that the question is resolved to this : Is it necessary to examine the specifications referred to in the contract with Sandknop to ascertain how much of the work and materials in the erection of the complainant's building it covers? If it is necessary, the contract

was not properly filed and the claimants have their liens and cannot be obliged to look to the fund in court.

As has been seen, the contract required that Sandknop was to sufficiently "*erect and finish*" the building agreeably to the specifications, and provide *all* kinds of materials for the "*completing and finishing*" * * * *all works* of the building "mentioned in the specifications." If the health authorities should require changes in any work "in and about the erection of the building," he was to make the additions, alterations and changes at his own expense. If the complainant should desire additions to or omissions from the contract work they were to come within the contract and be added to it or subtracted from the specified work and *not affect or make void the contract.*

It is plain that the contract contemplated that Sandknop was to do *all* the work and furnish all the materials necessary to complete the building. He was to "erect and finish" it. It is true that the work primarily contemplated was described and particularized in plans and specifications. That was because, between the contracting parties, those plans and specifications were necessary to determine the character of the erection. But they did not limit the contract. That was made elastic, so as to go beyond them and cover all work in the erection, by providing that if, at the owner's pleasure, there should be additions to, omissions from or changes in the specified work, the changes and additions were to be within the contract. In short, whatever the contractor was to do, he was to do under the contract. How, under these circumstances, would examination of the specifications more clearly show the extent of the work which the contractor was to do upon that building? *All* that he would do would be done under the contract.

In *Ayres* v. *Revere* the builder was to find and provide all materials, according to the plans and specifications, *except where it was otherwise stipulated, expressed or agreed in the specifications,* and there, of course, the extent of his obligation could not be ascertained unless reference was had to the specifications.

In *Hill* v. *Carlisle, 14 N. J. L. J. 114,* the contractor was to provide materials for completing and finishing all the "*mason*

*and other work*" of the building "*mentioned in the mason's speci-fications.*"    This, too, was manifestly a contract limited to part of the work on the building, which part could be ascertained only by inspection of the specifications.

So in *Pimlott* v. *Hall* the contract was expressly limited to the masonwork mentioned in the specifications, not to all mason-work that should be done in the building.

In each of those cases it was properly held to be necessary to file the specifications with the contract.

But this case is not similar to those.    It is like *Babbitt* v. *Condon,* where the builder was to do *all* the work and supply *all* the materials, and it was held that the contract referred to the specifications merely for the description of the work.    In distinguishing that case from *Ayres* v. *Revere,* Mr. Justice Haines said : "But where all the labor and all the materials are to be done and furnished by the builder, then the contract alone will give the notice required by the statute, and that alone is sufficient to be filed.    And though the contract may refer to the specifications and declare them to be part of it, yet, for the purpose of such notice, it is not an essential part nor necessary to be filed with it.    If placed on file, it could give no further notice than is given by the contract itself."

So in *Budd* v. *Lucky* the same reasoning was applied.

My conclusion is that, as the case stands, the fund alone appears to be subject to the claims of the defendants, and that the complainant is entitled to the protection which the injunction affords him, and hence that the motion to dissolve must be denied.