JOHN C. LA FOUCHERIE v. GEORGE KNUTZEN, BUILDER, RUDOLPH W. SHEFLER, OWNER, ET AL.

1. When it appears by the contract that the builder is to do all the work and furnish all the materials necessary for the construction of a building, it is not necessary to file the specifications with the contract in order to protect such building from the liens of mechanics and materialmen, under the provisions of the second section of the Mechanics' Lien law.

2. The amendment to the second section of the Mechanics' Lien law, passed March 29th, 1892, makes it necessary for the owner of a building to file his contract for its erection at or before the time when such building is begun, in order to have it exempted from the liens of mechanics and materialmen.

Case certified.

On October 5th, 1892, Knutzen, one of the defendants, entered into a contract with Shefler, the other defendant, to erect for him a dwelling-house at Nutley, in Essex county. The contract was not filed in the clerk's office until November 14th, 1892, and no specifications were filed, either with the contract or at any other time. Subsequent to the making of the contract, but before it was filed, the plaintiff, La Foucherie, entered into a sub-contract with the defendant Knutzen to do the mason work on said building for $555, payable as follows: $200 when the building was raised, $50 when the chimneys were up, $200 when the scratch coat was on, and the remainder when the work was completed. The plaintiff commenced work under his sub-contract about October 20th, 1892, and on the 26th of November following was paid in full for all work done and materials furnished by him up to that time. Before the building was completed, however, Knutzen, the builder, abandoned his contract, and, on April 24th, 1893, Shefler, the owner, gave him notice that he would, pursuant to the contract, cause the building to be completed at his cost and expense, and deduct such expense from any moneys which might be due or unpaid on the con-

tract. The work was so completed, and the whole balance of the contract money, not paid to Knutzen before his abandonment of the work, was exhausted in such completion. There remaining due and unpaid to the plaintiff, on his sub-contract, the sum of $225, he, on November 10th, 1893, and within the statutory period, filed a lien claim for the amount.

Under this state of facts two questions have been certified to this court for its advisory opinion :

*First.* Whether the plaintiff is entitled to file and enforce a mechanics' lien against the building and curtilage of the defendant Shefler, for work done and materials furnished by him upon such building subsequent to the filing of the contract between the defendants Knutzen and Shefler, by reason of the fact that the said defendants failed to file with their contract the specifications for the building referred to therein.

*Second.* Whether the plaintiff is entitled to file and enforce such lien because such contract was not filed until after the plaintiff had begun work upon said building, in execution of the sub-contract made between him and the defendant Knutzen.

Argued at June Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justice GUMMERE.

For the plaintiff, *John R. Hardin.*

For the defendants, *Abram Q. Garretson.*

The opinion of the court was delivered by

GUMMERE, J.  The second section of the Mechanics' Lien law, as amended by the supplement of March 29th, 1892 (*Pamph. L., p.* 358), provides that when any building shall be erected in whole or in part by contract in writing, such building, and the land whereon it stands, shall be liable to the contractor alone for work done or materials furnished in pursuance of such contract; provided, such contract, or a duplicate thereof, be filed, &c.  The answer to the first question

certified to us, therefore, depends upon whether the filing of the contract, without the specifications, is a filing of the contract within the meaning of the statute.

The exemption from lien, given by this section, extends to work done and materials furnished "in pursuance of such contract," and the principal object to be accomplished by requiring the contract to be filed undoubtedly was to inform laborers and materialmen to what extent the building was exempt from liens, and how far they must look to the contractor alone for their pay. For this reason, it has frequently been held in this state that the necessity of filing the specifications with the contract, in order to gain the benefit of the statute, depends upon whether or not it is necessary to resort to such specifications in order to ascertain how much of the building the contract covers; and that when all the work is to be done, and all the materials are to be furnished by the contractor, then the filing of the contract alone is sufficient to protect the building from liens; but that where the contract is limited to a part of the work upon the building, which part can only be ascertained by an inspection of the specifications, then the specifications as well as the contract must be filed. *Ayres* v. *Revere*, 1 *Dutcher* 474; *Babbitt* v. *Condon*, 3 *Id.* 154; *Budd* v. *Lucky*, 4 *Id.* 484; *Pimlott* v. *Hall*, 26 *Vroom* 192; *Freedman* v. *Sandknop*, 8 *Dick. Ch. Rep.* 243.

By the terms of the contract in the present case, Knutzen, the builder, was required "to provide and furnish all the supplies and materials, and to do or cause to be done all the work and labor, of every sort and description whatever, necessary to erect and finish complete" the building upon which the lien is claimed. A reference to the specifications, therefore, would afford no information as to what work the builder was to do which could not be obtained from an examination of the contract itself.

It was, consequently, not necessary, under the law as laid down in the cases above referred to, for the defendants to file the specifications with their contract, in order to protect the building from liens for work done and materials furnished;

and we advise the Circuit Court that the plaintiff did not acquire a right to a lien under the Mechanics' Lien law by reason of the failure to file such specifications.

The answer to the second question certified depends upon the construction to be given to the amendment to the second section of the Mechanics' Lien law, approved March 29th, 1892, and how far it has altered the law as it stood before that amendment went into effect.

The second section of the Mechanics' Lien law, before it was amended, provided that the building and curtilage should be liable to the contractor alone for work done or materials furnished, in case the contract was filed before such work was done or materials were furnished. The amendment of 1892 also exempts the building and curtilage from liability to any-one except the contractor for work done or materials furnished, in case the contract is filed, but fails to state when such filing shall take place in order to exempt the property from lien by mechanics and materialmen.

By this section of the act, as it originally stood, mechanics and materialmen were required to ascertain, before each day's work was commenced, or each load of material was delivered, whether a contract had yet been filed (*Mechanics' Mutual Loan Association* v. *Albertson*, 8 *C. E. Gr.* 318, 321), and the omission by the legislature, in the supplement of 1892, of any mention of the time within which the contract should be filed, seems, therefore, to lead to one of two conclusions—either that it was the legislative intent that the owner should have the right to file his contract at any time he should see fit, without regard to whether or not work had been done or materials furnished upon his building; or else that it was intended that the owner should file his contract at or before the time when the erection of the building was begun, if he desired to relieve it from liability to the mechanics and materialmen.

Taking into consideration the object for which the Mechanics' Lien law was passed, as expressed in its title, namely, " to secure to mechanics and others payment for their labor

and materials in erecting any building," it seems clear that the construction first suggested should not be given to this supplement, for to do so would enable the owner of the building, by keeping his contract off the file until the time for making the last payment thereunder had arrived, or until the building was completed, and then filing it, to deprive mechanics and materialmen of all the benefit which the act was designed to confer upon them.

We are of opinion that, in order to give force to this section of the Mechanics' Lien law, as amended by the act of 1892, it must be construed as making it obligatory upon the owner, in order to have his building exempted from the liens of mechanics and materialmen, to file his contract at or before the time when such building is begun, and the Circuit Court is so advised.