IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### JUNE TERM, 1903.

---

FRANK YOUNG v. JOHN W. HAIGHT, WILLIAM A. MESSIG AND LENA MESSIG, OWNERS, AND CHRISTOPHER SCHULTZ, MORTGAGEE.

*Submitted March 18, 1903—Decided June 8, 1903.*

1. Under the revised Mechanics' Lien act (*Pamph. L.* 1898, *p.* 538) the lien of a mortgage, given for moneys advanced and actually used for the erection of a building, is superior to a mechanics' lien filed upon the property subsequent to the recording of the mortgage, notwithstanding the fact that the moneys have been advanced and the mortgage has been executed while the building was in course of erection.
2. This priority is given whether the mortgage is made to secure future advances or money already advanced; the only test is whether the money has been loaned for the erection of, or alteration, repair or addition to, the building, and has been actually applied for that purpose.

---

On case certified from Bergen Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff, *Reuben M. Hart.*

For the defendants, *John S. Mackay.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action brought under the Mechanics' Lien law. By contract dated March 17th, 1902, but never filed, Haight and the Messigs, the owners above named, contracted with the builder that he should erect a house on their property, and, about the same time, also contracted, orally, with Schultz, the mortgagee above named, that he should advance $2,000, to be applied to the erection of the said building. Subsequently the builder erected the house, purchasing certain materials from Young, the plaintiff, who began to supply the same on May 15th, and completed the supply on July 21st, 1902. The amount of the plaintiff's bill for materials is $255, for which he filed a lien claim on July 21st, 1902, in the Bergen county clerk's office, against the builder, the owners and the mortgagee. Schultz, the mortgagee, in pursuance of his agreement, advanced $1,650, which was applied to the erection of the building as agreed upon, but did not actually receive the mortgage therefor until the 15th day of July, 1902, on which day the mortgage was executed to him by the owners, and was also placed on record in the Bergen county clerk's office. On these facts the question whether the plaintiff or the mortgagee is entitled to a prior lien upon the property is certified to this court for its advisory opinion.

By the sixth section of a supplement to the Mechanics' Lien law, passed March 15th, 1895 (*Pamph. L., p.* 313), "every mortgage given or to be given upon lands in this state shall have priority over every claim that may be filed in pursuance of this act, to the extent of the money actually advanced and paid by the mortgagee and applied to the erection of any new building upon the mortgaged lands, or any

alterations, repairs or additions to any building on such lands; provided, such mortgage be registered or recorded before the filing of any such claim." The effect of this provision seems plain. The only reason why any uncertainty has arisen with relation to its scope appears to be that, after the passage of the supplement of 1895, and at the February Term, 1896, of this court, in the case of *Erdman* v. *Moore, 29 Vroom* 445, it was held that the lien of a materialman for materials furnished in the construction of a building was superior to that of a holder of a mortgage made and executed while the building was in course of construction, notwithstanding the fact that the mortgage was recorded prior to the filing of the lien claim. This conclusion was considered to result necessarily from the twenty-third section of the Mechanics' Lien law (*Rev., p.* 673), which provided that, upon a sheriff's sale under a judgment upon a lien claim, the purchaser shall acquire the estate which the owner had in the lands at the commencement of the building, and subject only to such mortgages as had been created and recorded prior to that event. But a reference to the case of *Erdman* v. *Moore, Id.* 456, 457, will disclose that the materials for which the lien was there filed were furnished in August, 1893, and that the mortgage was executed and recorded in June of that year. The relative rights of the parties to that suit, therefore, had become fixed before the passage of the supplement of 1895, and were not affected by it.

The rights of the parties to this litigation sprang into existence in 1902. At that time there had been a complete revision of the Mechanics' Lien law, in which not only was the sixth section of the supplement of 1895 retained (*Mechanics' Lien Law, Pamph. L.* 1898, *p.* 543, § 15), but section 23 of the original act was modified so as to provide that, upon a sheriff's sale under a judgment upon a lien claim, the purchaser shall acquire the estate which the owner had in the lands at the commencement of the building, subject to such mortgages as had been created and recorded prior to that event, *and also subject to the lien of any mortgage given and recorded, or registered, under the circumstances contem-*

*plated by, and in conformity with, the provisions of section
15 of the act.* The manifest object of these changes in the
statute was to make the lien of a mortgage, given for moneys
advanced for the erection of a building, and actually used
for that purpose, superior to a mechanic's lien filed upon the
property subsequent to the recording of the mortgage, not-
withstanding the fact that the moneys had been advanced
and the mortgage had been executed while the building was
in course of erection. And this priority is given whether
the mortgage be made to secure future advances or money
already advanced; the only test is whether the money has
been loaned for the erection of, or alteration, repair or addi-
tion to, the building, and has been actually applied to that
purpose. When such is the case, the mortgage has priority
over the mechanic's lien filed subsequent to the date of its
recording.

The Bergen Circuit is advised that the mortgagee, Schultz,
is entitled to the prior lien upon the property of Haight and
the Messigs.