CAMPBELL, MORRELL & COMPANY, DEFENDANT IN ERROR, v. JOSEPH LEHOCKY, PLAINTIFF IN ERROR.

Submitted July 3, 1908—Decided June 14, 1909.

A materialman is entitled to the benefit of the third section of the Mechanics' Lien law (*Pamph. L.* 1898, *p.* 538) when the contract, together with the specifications accompanying the same, by virtue of which the building is erected, be filed in the office of the county clerk in pursuance of section 2 of that act. It is not necessary that the plans accompanying the contract be filed.

On error to the Supreme Court.

For the plaintiff in error, *William W. Watson* and *Robert R. Watson.*

For the defendant in error, *Whitehead & Moore.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of error brings up for review a judgment of the Supreme Court in favor of Campbell, Morrell & Company, the plaintiffs below.

The case was tried at the Passaic Circuit before the judge without a jury upon an agreed state of facts.

The material facts were these: On July 6th, 1905, the defendant, Lehocky, entered into a contract with the firm of Scarnecki & Brothers for the mason work of a new building of the defendant at Passaic. The consideration of the contract to be paid by the defendant was the sum of $5,019, payable in installments at certain intervals during the progress of the work. On July 7th, 1905, the contract, and the specifications accompanying the same, were filed in the office of the clerk of the county of Passaic before any work was done or materials furnished for the building. The plans for the mason work, however, were not filed with the contract. The plaintiffs furnished building materials to Scarnecki &

Brothers, to be used by them in doing the mason work upon the defendant's building, of the price and value of $409.38, and the materials so furnished were used in the defendant's building. Scarnecki & Brothers, having failed to pay for the materials upon demand, the plaintiffs served a stop notice on the defendant under the third section of the Mechanics' Lien law. *Pamph. L.* 1898, *p.* 538. At the time of the service of the notice, the contract was still uncompleted, and the defendant had in his hands a balance more than sufficient to pay the amount of the plaintiffs' bill. Notwithstanding this fact, the defendant paid over all the moneys due upon the contract to Scarnecki & Brothers.

The trial judge gave judgment for the plaintiffs below.

The only question raised by the assignments of error of the defendant is whether, under this state of facts, the plaintiffs below were entitled to the benefit of the third section of the Mechanics' Lien law. *Pamph. L.* 1898, *p.* 538.

The contention of the defendant is that where the contract is accompanied with plans and specifications, the statute requires not only the contract, but also the plans and specifications to be filed, in order to protect the building against liens of mechanics and materialmen; that the benefit of the third section of the Lien law cannot be acquired except by materialmen and mechanics who cannot acquire a lien upon the building; that, through failure to file the plans with the contract and specifications, the building remains subject to lien on the part of the plaintiffs, and, therefore, the remedy of the third section is not conferred upon them.

The second section of the Mechanics' Lien law (*Pamph. L.* 1898, *p.* 538) provides that whenever any building shall be erected by contract, in writing, such building and the land whereon it stands shall be liable to the contractor alone for work done or materials furnished in pursuance of such contract, "provided said contract, or a duplicate thereof, *together with the specifications accompanying the same,* or a copy or copies thereof, be filed in the office of the clerk of the county in which such building is situate before such work done or materials furnished."

This section is an exact reproduction of an amendment to the second section of the Mechanics' Lien act of 1874, which amendment was approved March 14th, 1895. *Pamph. L., p.* 313; *Gen. Stat., p.* 2073.

Prior to the amendment of 1895, the corresponding section of the Mechanics' Lien act of 1853 (*Nix. Dig.* 487) and of the act of 1874 (*Rev., p.* 668) contained no provision that the specifications accompanying the contract should be filed. The sole office of the amendment of 1895 was to add the words "together with the specifications accompanying the same."

Construing this section as it stood prior to the amendment of 1895, our courts held that when the contract covered all the work to be done and all the material to be furnished, it was not necessary to file the plans and specifications. *Ayres* v. *Revere,* 1 *Dutcher* 474; *Babbitt* v. *Condon,* 3 *Id.* 154; *Budd* v. *Lucky,* 4 *Id.* 484; *Pimlott* v. *Hall,* 26 *Vroom* 192; *La Foucherie* v. *Knutzen,* 29 *Id.* 234; *Freedman* v. *Sandknop,* 8 *Dick. Ch. Rep.* 243.

The doubtful soundness of this construction of the statute seems more than once to have been intimated, but, since the decision of *Ayres* v. *Revere, supra,* it was always followed as being settled law. The doubt suggested in judicial opinions, however, doubtless led the legislature in 1895 to change the provision with relation to the filing of the contract by adding the words "together with the specifications accompanying the same." The fact that in making this amendment the law makers did not add also the word "plans" is, we think, conclusive against the soundness of the contention of the plaintiff in error. *Inclusio unius est exclusio alterius.* When the legislature at the time of the amendment of 1895, with knowledge that the scope of the provision relating to filing was considered doubtful by the courts, added only the word "specifications," it seems plain that they intended to require that only the contract with the specifications should be filed, and not the plans.

The result is that the judgment of the court below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-
RISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOOR-
HEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY,
DILL, JJ. 15.

*For reversal*—None.