## J. D. LOIZEAUX LUMBER COMPANY, PLAINTIFF, v. BENJAMIN STEINBERG ET UX., DEFENDANTS.

Submitted May 15, 1925—Decided December 3, 1925.

1. The right of a materialman to a lien upon a building and curtilage, under section 2 of the Mechanics' Lien law, depends primarily upon whether or not the material for which he claims a lien was furnished pursuant to an existent contract between the builder and person for whom the building is being erected.

If there is such a contract, and it has not been filed, the material-man has a right to a lien; if the contract has been filed, he has no such right. He is not, however, entitled to a lien for materials furnished to the builder before the latter enters into a contract, even though the material so furnished is afterward used in the construction of a building the erection of which was subsequently contracted for.

2. The third section of the Mechanics' law, requiring service of a stop-notice upon both the owner and contractor, should be reasonably construed; and where service cannot be made upon the contractor because of his death, or his absconding, such failure will not deprive the materialman of his remedy.

3. When a husband, as agent of his wife, enters into a building contract for the erection of a building upon land owned by her, and then files the same, the wife cannot avail herself of the protection of her property against liens acquired by the filing, and then repudiate the agency when service of a stop-notice is made upon him.

4. Where a stop-notice under the Mechanics' Lien law is technically inaccurate in describing the building as being upon a certain avenue, instead of upon a road, but fully and accurately identifies the property, such inaccuracy will not invalidate the notice.

5. When service of a stop-notice by a materialman under the Mechanics' Lien law is made upon the owner before the last payment is due to the contractor, under the provisions of a filed contract, the owner cannot avoid responsibility to the server of the notice by anticipating the final payment, and making it before the notice was served.

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Walter L. Hetfield, Jr.*

*Contra, Stamler, Stamler & Koestler.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought pursuant to the provisions of the third section of our Mechanics' Lien law (*Comp. Stat., p.* 3294) to compel the payment by the defendants, Benjamin Steinberg and Sarah Steinberg, his wife, out of funds in their hands due or to become due from

them to one Hans Paulson, moneys owing by the latter to the plaintiff for materials furnished for use in the erection of two dwelling-houses upon lands on Hillside road, in the city of Elizabeth. The buildings were to be constructed by Paulson in compliance with the terms of a written contract made by him with the defendant Benjamin Steinberg on the 20th day of March, 1922, and filed in the office of the county clerk on the day following.

The plaintiff at the trial proved the contract and its filing. It also proved the furnishing of the material which was the subject of the suit; that it was used in the buildings; that demand was made on the contractor for payment; that there was a refusal to comply with that demand, and that the notice required by the third section of the act was served upon the defendant Benjamin Steinberg. At the close of the plaintiff's case a motion to nonsuit was made, which was rested upon six specified grounds, and at the close of the argument had thereon a nonsuit was directed.

The question to be determined by us, as the respective counsel concede, is whether any one of the specified grounds justified the direction of the nonsuit.

The first ground upon which counsel for defendants based his motion was that the buildings and curtilage in question were subject to lien in favor of the plaintiff because of the fact that all the materials furnished by it were delivered pursuant to a contract entered into between it and Paulson, the builder, which was executed prior to the making of the contract between the latter and Steinberg, and that a small portion of the materials thus contracted for were delivered to Paulson prior to the making of the latter contract. The argument in support of this contention is rested upon the second section of the statute, which provides that the materialman shall have a lien upon the building for materials furnished in pursuance of the contract between the builder and the person for whom the building is to be erected, unless the contract for its erection is filed before the materials are furnished, and the claim is that, as a part of the materials were furnished by plaintiff before the making and filing of

the contract between Steinberg and Paulson, the former is entitled to a lien, not only for the value of that material, but also of all materials subsequently furnished under the contract between plaintiff and Paulson.     We find nothing of merit in this contention.     To us it seems to be based upon a misapprehension of the true construction of the statutory provision referred to.     The right of the materialman to a lien upon the building and curtilage depends upon whether or not the materials for which he claims it were furnished by him pursuant to *an existing contract* between the builder and the person for whom the building is to be erected.     The provision of the second section of the statute is that the materialman shall have such lien only when it appears that the materials were "furnished in pursuance of such contract," and that the contract was not filed in the office of the county clerk until after they were furnished.     A party who furnishes material to one who hopes to obtain a contract for the construction of a building, but who has not done so at the time of the delivery of the material to him, is not entitled, under the statute, to a lien for such material merely because, after delivery thereof to the purchaser, the latter enters into a contract for the construction of such building and actually uses therein the material previously purchased (but not paid for) by him.     The plaintiff's right to a lien being limited by the statute as above indicated, the trial judge was not justified in barring it from recovering the moneys due to it for materials furnished by it pursuant to the contract between Paulson and the defendant Benjamin Steinberg— that is, materials which it furnished after the execution and filing thereof—upon the ground that it was entitled to a lien under the statute.

The second ground upon which the motion to nonsuit was rested is as follows: "Because no stop-notice was served upon the contractor."     In support of his contention that such failure is a bar to the right of a materialman to recover from the owner of property which is protected against mechanics' liens, defendants' counsel appeals to the third section of the statute as amended in 1917.     *Pamph. L., p.* 821.

This amendment provides that service of a written notice shall be made by the materialman both upon the owner and the contractor of the money due to him, "and that the owner shall thereupon be authorized to retain the amount so due to the materialman" out of the moneys due or to grow due from the former to the contractor. But we are not willing to attribute to the legislature an intent to deprive the materialman of the benefit of the third section unless he complies with the very letter of the clause appealed to, although such compliance is shown to have been impossible. If service upon the contractor can be made, such service is a prerequisite to the right of the materialman to look to the owner for payment. But if it is shown that failure to make such service is due to the fact that the contractor has died, or has absconded from his creditors and cannot be found, the requirement that such service shall be made does not apply. In other words, the legislative purpose, as we read the statute, was that this provision should only be applicable when compliance therewith was humanly possible, and should not bar the materialman from the benefits of the third section of the act when such compliance was impossible. In the present case there was proof sufficient to go to the jury that when the time for the service of the stop-notice had arrived Paulson had absconded, and his whereabouts were unknown. In this condition of the proofs the direction of a judgment of nonsuit was not warranted upon the second ground presented by counsel.

The third ground upon which the motion for a nonsuit was rested was that the land upon which the dwellings were erected were not owned by any person by the name of Steinberg at the time the buildings were commenced. But, assuming this to be the fact, it did not justify the direction of the nonsuit. The answer of the defendant admits that at the time of the service of the stop-notice upon the defendant Benjamin Steinberg his wife, the defendant Sarah Steinberg, was the owner of the premises. Section 7 of the statute provides that, if the building is erected by a person other than the owner, then the building and the estate of

the person erecting the same shall be subject "to the lien created by this act, *and the other provisions thereof."* And the estate of such person is that which he has in the land at the time when the provisions of the statute are attempted to be enforced against him, and not merely that which he had at the time when the contract for the erection of the building was entered into by him. *Stewart Contracting Co.* v. *Trenton, &c., Railroad Co.,* 71 *N. J. L.* 568.

It is to be observed that the contract for the erection of the two dwellings was signed by the defendant Benjamin Steinberg, the husband of the present owner, in his own name. But it is quite evident from the proofs that in so signing he was acting merely as the agent of his wife. His act in executing the contract, and its subsequent filing, protected the estate which she then had, or might thereafter acquire, in the property against liens of subcontractors, laborers or materialmen. *Earle* v. *Willets & Co.,* 56 *N. J. L.* 334. She cannot accept the act of her agent so far as it protects her property against liens, and repudiate it so far as it obligates her to pay out of funds due from her to Paulson moneys due from the latter to materialmen, pursuant to the provisions of section 3 of the statute.

The fourth ground upon which counsel based his motion to nonsuit was that the service of the stop-notice was invalid, because it was made upon Benjamin Steinberg and not upon his wife, who was the owner of the property. What has already been stated in discussing the third ground submitted by counsel is dispositive of this point. Mrs. Steinberg cannot in one breath claim the benefit of her husband's acts as her agent so far as they protect her property interests and repudiate his agency so far as his acceptance of the service of the stop-notice is concerned. To hold that she might lawfully have the building contract executed by her husband in his own name, and have her property protected against liens by filing the same, thus notifying intending subcontractors, laborers and materialmen that he was the proper person upon whom to serve stop-notices under the third section of the statute, and then, when such service is

made repudiate her representation to them and deny his right to accept service for her, would be, not only to sanction a gross fraud, but would defeat the very purpose of the statute, which, as its title declares, was enacted to secure to mechanics and others payment for their labor and materials in erecting any building.

The fifth ground advanced by counsel in support of his motion for a nonsuit was that the stop-notice inaccurately described the location of the two dwellings for the erection of which the materials were furnished. An examination of the notice, which is printed as an exhibit in the case, shows that, although it was technically inaccurate, in that it described the highway upon which the property bounded as an "avenue" instead of a "road," the misnomer was not at all misleading, for the remaining portion of the description very fully and accurately identified the property. And this is all that is required by the statute. *Gardner & Meeks Co.* v. *Herold,* 76 *N. J. L.* 524. We conclude, therefore, that the granting of the motion to nonsuit was not justified upon this ground.

The sixth ground upon which the motion to nonsuit was rested was as follows: "Because it was not shown that any moneys were due the contractor at the time the stop-notice was filed." The proofs in the case do not justify this contention. By the terms of the contract between builder and owner the last payment was to be made on each house "sixty days after completion" thereof, the amount of the payment to be $3,400. There was evidence submitted on the part of the plaintiff showing that neither house had been fully completed as late as the 25th of September, 1922. The stop-notice was served thirty-seven days thereafter, and, manifestly, prior to the date when the last payment was due under the contract. The defendants, by their answer, allege that all the work agreed to be performed by Paulson under the building contract had been fully performed prior to the service of the plaintiff's stop-notice.

Under the facts recited and the allegation of the answer, the jury would have been justified in finding that the build-

ings were completed subsequent to September 25th, 1922, and prior to November 2d of that year. Assuming this to be the situation, the last payment was not due to Paulson under the contract for some weeks after the service of the stop-notice; and, if it be true, as the reason now under discussion suggests, that all payments provided by the contract had been made to the contractor before the service of the stop-notice, the final payment being made in advance of the time fixed by the contract, that fact is no bar to the plaintiff's right of recovery. The fifth section of the act provides that, if the owner shall in advance of the terms of the contract pay any moneys on such contract, the owner shall be liable to the materialmen in the same manner as if no such payment had been made, if the amount still due to the contractor after the making thereof shall be insufficient to satisfy the materialmen who have served stop-notices. It was held by the Court of Errors and Appeals in the case of *Smith* v. *Dodge & Bliss Co.*, 59 *N. J. Eq.* 584, in dealing with this phase of the statute, that inchoate liens acquired by materialmen and workmen under the third section of the statute cannot be impaired or defeated by an advance payment on the contract price. For the reason indicated, we think the sixth ground upon which the motion was rested is unsubstantial.

Finding nothing of merit in any of the grounds upon which the motion to nonsuit was rested, the rule to show cause will be made absolute.