**JOHN MURTLAND, INC., et al., v. EMPIRE TRUST CO.**

Nos. 4178, 4186–4189, 4195–4198.

Circuit Court of Appeals, Third Circuit.

Feb. 21, 1930.

342

Lee F. Washington, of Atlantic City, N. J., for appellant John Murtland, Inc.

John B. Slack, of Atlantic City, N. J., for appellant R. S. Newbold & Son Co.

Cole & Cole and Clarence L. Cole, all of Atlantic City, N. J., for appellants Somers Lumber Co., and others.

Edward C. Waddington and Waddington & Mathews, all of Camden, N. J., for appellants Robbins Mfg. Co. and others.

McCarter & English, of Newark, N. J. (Conover English, of Newark, N. J., of counsel), for appellee.

Before BUFFINGTON, Circuit Judge, and THOMSON and AVIS, District Judges.

AVIS, District Judge.

This suit involves a foreclosure proceeding commenced in the United States District Court for the District of New Jersey to foreclose a second mortgage held by Empire Trust Company, trustee, against President Apartment Hotel Company, and covering certain land in Atlantic City in the District of New Jersey.

The President Apartment Hotel Company, the owner of the land, desiring to construct a hotel building thereon, arranged for a second mortgage with Empire Trust Company, trustee, in the amount of $1,500,000 to secure bonds to be issued thereunder, and executed a contract with Walter G. Souders, its president, for the construction of the hotel buildings, and the appellants furnished to the contractor, labor and materials used in the construction thereof.

When the building neared completion, on November 29, 1926, because of financial difficulties, receivers were appointed by the United States District Court, District of New Jersey, for the hotel company and its property generally; the receivers taking possession of all of its assets.

On April 20, 1928, Empire Trust Company, as trustee for the bondholders thereunder, filed a bill to foreclose said mortgage, in the aforesaid United States District Court, against the receivers and sundry other defendants alleged therein to be subsequent lienors.

The appellants, John Murtland, Inc., and sundry other corporations and individuals, claiming to hold liens on said land and building, under the Mechanics' Lien Law of the state of New Jersey, which had actually been entered and recorded subsequent to the execution and recording of appellee's mortgage, were made defendants in the foreclosure proceedings, and, after hearing, the court entered a decree foreclosing the mortgage and decreeing that the lien of the mortgage was prior to all of the mechanics' liens of appellants; the final decree being entered on March 26, 1929. The correctness of this decree is before this court on appeal.

The appellants assert that their mechanics' lien claims are prior in lien on the lands described in the mortgage, for sundry reasons which are hereinafter discussed.

The mortgage of appellee, executed by the proper officers of the President Apartment Hotel Company, was dated June 19, 1925, and recorded in the proper recording office on June 20, 1925.

The lien claims of appellants were filed in the proper office, the first on November 22, 1926, and the last on March 2, 1927; the others at sundry dates between; and it appears that all lien claims were filed within four months of the last work done or materials furnished, in accordance with the law of the state of New Jersey.

As we view this case, it is not necessary to decide whether or not the appellee, as mortgagee, was made a defendant in the summons issued on the mechanics' lien claims, or whether or not the suits were abandoned and claims filed under the liens with the receivers, or whether or not a summons was actually issued.

The questions to be decided are:

(1) Did the court have jurisdiction?

(2) Was the mortgage in question, and being foreclosed, because of the fact that the holders of the bonds were innocent purchasers for value without actual notice of any infirmity in the bonds, prior in its lien to bona fide mechanics' lien claimants?

(3) Was the contract between President Apartment Hotel Company and W. G. Souders a valid contract, properly authorized and filed, prior to the performance of labor and furnishing of materials set out in schedules attached to lien claims of claimants?

(4) If the contract was valid, and legally filed, what was the effect upon mechanics' lien claimants?

First. It is apparent that the District Court had jurisdiction of the suit. Receivers had been appointed by that court prior to the filing of the bill to foreclose, and had taken into their possession all of the property of the corporation. The foreclosure proceedings were commenced by leave of the court, and ancillary jurisdiction is vested in the court, irrespective of the citizenship of the parties to the foreclosure suit. Continental Trust Co. v. Toledo, St. L. & K. C. R. Co. (C. C. N. D. O. W. D.), 82 F. 642.

In addition, the bill itself shows a diversity of citizenship, alleging that complainant was a corporation of the state of New York and a citizen and resident of that state, and that the defendant, President Apartment Hotel Company, was a corporation of the state of New Jersey and a citizen and resident of that state. The amount in dispute was apparently in excess of $3,000.

Second. The District Judge held that "assuming, however, that the bondholders

purchased their bonds subsequent to the furnishing of labor and material, they are still so far as shown innocent purchasers for value without actual notice of any infirmity in the bonds. Hence, their rights arise as of the date of the mortgage."

While the result of our consideration of this case will not rest upon this point in the decision of the learned District Judge, we disagree with the general principle of this portion of the memorandum filed.

Apparently the court relied upon the case of Central Trust Co. v. Continental Iron Works, 51 N. J. Eq. 605, 28 A. 595, 40 Am. St. Rep. 539, but this decision was prior to the passage of the act of 1895, now section 15 of the Mechanics' Lien Law (3 Comp. St. of New Jersey 1910, p. 3303), which provides that every mortgage given, or to be given, on land in the state of New Jersey, shall have priority over any claims that may be filed in pursuance of the Mechanics'. Lien Law "to the extent of the money actually advanced and paid by the mortgagee and applied to the erection of any new building upon the mortgaged lands or any alterations, repairs or additions to any building on said lands; provided, such mortgage be registered or recorded before the filing of any such claims."

This act, and other amendments to the Mechanics' Lien Law, in our opinion, changed the law of the state of New Jersey, and thereafter the courts did not follow the rule adopted in the Central Trust Co. v. Continental Iron Works, supra. See Porch v. Agnew Co., 70 N. J. Eq. 328, 61 A. 721; Young v. Haight, 69 N. J. Law, 453, 55 A. 100; Franklin Society v. Thornton, 85 N. J. Eq. 525, 96 A. 921. The only excepted mortgage, applying to the facts in this case, we believe, is one *created* and recorded or registered prior to the commencement of the improvement. See section 28, Mechanics' Lien Law (3 N. J. Comp. St. 1910, p. 3310). The word "created," as used in section 28 of the Mechanics' Lien Law, must, upon a reading of the whole statute, with reference to priorities, relate only to a completed transaction, i. e., the execution of the mortgage, the advancement and full payment of the money secured thereby, and the recording or registering of the mortgage prior to the commencement of the improvement.

In all other cases the lien of a mortgage covering land subject to mechanics' lien or liens is controlled by the provisions of section 15 of the Mechanics' Lien Law, unless coming specifically under the provisions of section 10 (3 Comp. St. of New Jersey 1910, p. 3301), which relates only to repairs and alterations, or section 14 (3 Comp. St. of New Jersey 1910, p. 3302), relating to what is commonly called "advance money mortgages."

The mortgage in suit was not *created* and recorded prior to the commencement of the improvement, nor was there any proof that any of the money secured thereby was actually advanced or paid by the mortgagee, or bond purchasers, and applied to the erection of the building. Nothing was advanced at time mortgage was executed and recorded, and the definitive bonds under the mortgage were issued considerably later, as follows: $500,000 on August 28, 1925, and $1,000,000 on September 11, 1925.

It is apparent, from the testimony, that the improvement had been commenced before the mortgage was executed and recorded.

We are satisfied that section 15 of the Mechanics' Lien Law applies in this case, that its terms are binding upon mortgagee and bondholders, and that, if it were not for the fact that we hold the contract to be a valid one, the mechanics' liens would be prior to the lien of the mortgage.

Third. Appellants allege that the contract made between the President Apartment Hotel Company and W. G. Souders, for the erection of the hotel building, was illegal and void for three reasons:

(1) Because the action of the stockholders approving of the making of the contract was by proxies delivered to, and voted by, persons who were not stockholders. This question does not appear to be argued in appellants' brief, and we presume it is therefore abandoned.

We, however, approve of the opinion of the District Judge that the action of stockholders authorizing and approving the contract was apparently legal.

(2) Because made between the hotel company and the president, W. G. Souders, as an individual; the performance of which contract was secured by guaranty of W. G. Souders & Co., Inc.

It is apparent that the mechanics' lien claimants dealt with W. G. Souders as contractor, and, if so, it must have been under the terms of this contract, which was filed prior to the furnishing of labor and materials by lien claimants. There is nothing in the testimony to show that the purchases or contracts for labor or materials were made directly by, or with, the hotel company, and,

in the absence of such showing, it must be presumed that the lien claimants dealt with the contractor. If this is so, in the absence of fraud, lien claimants cannot be heard to object to the validity of a contract under which they were furnishing labor and materials.

(3) Because the consideration for the construction of the building was to be paid in stock of the hotel company and not in money.

We do not believe that the contract was void because of the method of payment provided therein. The appellants had constructive notice of the terms of the contract, which, with the specifications, was duly filed prior to the time that the labor and materials were furnished, and by the terms of which it was provided that the contractor should receive certain portions of the contract price in stock of the hotel company. The Mechanics' Lien Law does not specify that the contract price shall be paid in cash, and we assume that any kind of payment, satisfactory to the contracting parties, would be legal.

This question was disposed of in the case of Anderson v. Huff, 49 N. J. Eq. 349, 23 A. 654. The contract in that case provided, as consideration for the construction of the building for the payment of $500 in cash when a certain stage of completion should be reached, $800 in cash when certain other work was done, $1,000 in cash when the work had further progressed, and then convey to contractor one lot of land when another certain point in construction had been reached, and convey to him a second lot of land when the building was finished.

The contractor failed to complete the building, and also failed to make payment for certain materials. Stop notices were filed, and Chancellor McGill, in deciding the feature of the suit relating to the payment of consideration by conveyance of land and the rights of claimants thereunder, said:

"There can be no doubt that, if the last payment upon the contract to Huff was to have been in money, the petitioners' notices would have operated as an assignment pro tanto of that money. The payment, however, was to have been in land, and the question, therefore, is presented whether the expression of the statute, 'amount owing,' referring to that from which the amount demanded from the owner is to be retained, is intended to comprehend other consideration than money to be paid for the building. I think that it would be entirely too narrow a construction of the statute to refer the word 'amount' to money only. The object of the statute, as expressed in its title, is to secure workmen and materialmen payment. As a means to that end a lien may be had upon the building and the land whereon it stands, unless there be a duly-filed written contract. If the owner takes the precaution to have such a contract, his house and land are saved from liens; but the consideration he is to give the contractor becomes liable instead thereof to the workmen and materialmen if they duly notify him of the contractor's unpaid indebtedness to them. The statute provides that he shall retain the amount demanded 'out of the amount owing by him' to the contractor, and, upon being satisfied of the correctness of the demand, pay it. The word 'amount' is plainly used in the sense of 'substance,' the legislative intent being that the value which the contractor is to have is to be reached. The word is quite as applicable to land, chattels, or other valuable things given in payment as to money." Pages 354, 355 of 49 N. J. Eq., 23 A. 654, 656.

Counsel for appellants in their brief call attention to the cases of Young v. Wilson, 44 N. J. Law, 157; Improved Building & Loan Ass'n v. Larkin, 88 N. J. Eq. 52, 101 A. 1043; Earle v. Willets & Co., 56 N. J. Law, 334, 29 A. 198, on this point, alleging that under the doctrine established by these cases the contract should be declared fraudulent and fictitious. An examination of these cases shows, so far as they apply to the question here at issue, that they were all based upon proof of facts which showed a fraudulent intent.

No testimony was offered in this case tending to show fraud, and counsel relies on the fact that Souders acted in a triple capacity. We cannot presume fraud, and have, in addition, the weight of the decision of the District Court (tried at the same time that this case was heard) in a suit brought by the receivers of President Apartment Hotel Company against Souders, to cancel the contract, in which the court held the same contract to be a valid one, as to the agreement for the construction of the building. This decree has not been appealed.

We hold that the contract was valid, and, under the evidence, was filed, with the specifications, prior to the time that any labor or materials were furnished by lien claimants.

Fourth. This leaves for consideration the position of the lien claimants, dealing with a valid contract duly filed as hereinbefore stated.

The Mechanics Lien Law as it stood in 1892 provided that "when any building shall be erected in whole or in part by contract in writing, such building and the land whereon it stands shall be liable to the contractor alone for work done or materials furnished in pursuance of such contract; provided, such contract or a duplicate thereof be filed in the office of the clerk of the county in which such building is situate. * * *" P. L. 1892, § 2, p. 358.

Under this statute Justice Gummere, in the case of La Foucherie v. Knutzen, 58 N. J. Law, 234, 33 A. 203, held that it was obligatory upon the owner, in order to have his building exempt from the liens of mechanics and materialmen, to file his contract at, or before, the time when the building was begun.

The present law was passed in 1910, and is on page 472 of the Pamphlet Laws for that year, and also section 2 of the Mechanics' Lien Law in volume 3, Comp. St. of New Jersey 1910, page 3293, and reads as follows:

"Whenever any building shall be erected in whole or in part by contract in writing, such building and the land whereon it stands shall be liable to the contractor alone for work done or materials furnished in pursuance of such contract; provided, said contract, or a duplicate thereof, together with the specifications accompanying the same, or a copy or copies thereof, be filed in the office of the clerk of the county in which such building is situate *before such work done or materials furnished;* provided further, that it shall not be necessary to file the plans for such building in said clerk's office, whether such plans are referred to in said contract or not." (Italics mine.)

This last statute has been construed in New Jersey on this question in two cases, the first decided December 3, 1925 (J. D. Loizeaux Lumber Co. v. Steinberg et ux., 102 N. J. Law, 15, 131 A. 131, 132), by Chief Justice Gummere. In his opinion the Chief Justice says:

"The right of the materialman to a lien *upon the building and curtilage depends up-*on whether or not the materials for which he claims it were furnished by him pursuant to an existing contract between the builder and the person for whom the building is to be erected. The provision of the second section of the statute is that the materialman shall have such lien only when it appears that the materials were 'furnished in pursuance of such contract,' and that the contract was not filed in the office of the county clerk until after they were furnished."

The second, also decided by Chief Justice Gummere, was the case of Orange Lumber Co. v. De Fago et als., 103 N. J. Law, 8, 134 A. 865, and it was there held:

"Where plaintiff made agreement to furnish lumber to building contractor three days before building contract was filed, but furnished the lumber after contract was filed, he had no lien on building, under Mechanics' Lien Law, § 2 (3 Comp. St. 1910, p. 3293), since the test is relation of time of filing to actual furnishing of materials."

It appears that a legal contract was duly filed, before the work was done or materials furnished, by the claimants. The building and land was liable to the contractor alone, and lien claimants' remedy was by notice to owner, under other provisions of the law. Section 3 of Mechanics' Lien Law (3 Comp. St. 1910, p. 3294). They had no remedy by filing mechanics' lien claims. The mortgage of appellee is a lien on the lands and building prior to any claims of appellants, and therefore the decree of the court below is affirmed.