THOMAS BRAY v. OCEAN CITY RAILROAD COMPANY.

1. The act entitled "An act concerning the taking of property for public use," approved March 9th, 1893 (*Gen. Stat., p.* 1386), requires a court or justice of the Supreme Court appointing commissioners to condemn lands, in all cases, to fix a day in the order of appointment on or before which the report of the commissioners shall be filed.

2. The requirement is not directory, but mandatory, and an order which omits to fix a day is fatally defective.

3. *Quœre.* Whether a landowner may use the writ of *certiorari* to take advantage of such defect, if he appears before the commissioners and permits their reports to be filed before he makes objection because of such omission.

On *certiorari.*

Argued at November Term, 1896, before Justices DEPUE and MAGIE.

For the prosecutor, *Henry M. Snyder, Jr.,* and *Samuel H. Grey.*

For the defendant, *Robert H. McCarter.*

The opinion of the court was delivered by

MAGIE, J. Thomas Bray, the prosecutor, obtained two writs of *certiorari,* the first of which was tested August 10th, 1896, and required the Ocean City Railroad Company to certify to this court an order of a justice of this court, made on that day, upon its petition, appointing commissioners to condemn lands owned by Bray for the construction of a railroad by said company, and the petition whereon the order was made ; the second of which was tested September 12th, 1896, and required said company to certify to this court the report and award of the commissioners appointed by the said order.

Both writs have been duly returned with the proceedings which they called for.

The cases have been argued together.

One of the reasons in each case presents the question whether the order appointing commissioners is fatally defective because it fails to designate or fix a day when the report of the commissioners should be made or filed.

The contention on the part of prosecutor is that, by the provisions of section 1 of the act entitled "An act concerning the taking of property for public use," approved March 9th, 1893 (*Gen. Stat., p.* 1386), the designation of a day when the commissioners' report in such cases is to be made or filed is expressly or impliedly required.

An examination of the act thus appealed to renders it clear that the legislative purpose in enacting it was to establish certain rules to govern all proceedings taken to condemn property for public use under the right of the eminent domain, and to bring all such proceedings, which before differed, into greater similarity and harmony, particularly in respect to appeals from the award of commissioners. It has been applied to proceedings taken to condemn lands for railroad purposes under the General Railroad law, such as are now before us. *National Docks, &c., Co.* v. *Pennsylvania Railroad Co.,* 28 *Vroom* 637 ; *Pennsylvania Railroad Co.* v. *National Docks, &c., Co.,* 29 *Id.* 425.

The language used to express the legislative design in the first section is as follows: "That all reports of commissioners hereafter appointed by any court, or by any justice of the Supreme Court, to appraise the damages for the taking of lands or other property for public use, shall be made or filed on or before a day to be fixed in the order of appointment, unless the court or justice shall, by order, extend the time, in which case the report shall be made on or before the day limited by said court or justice, and every appeal from such report shall be taken within five days after the day thus fixed."

It is impossible to construe this language otherwise than as containing either a mandate or a direction to any court or justice appointing commissioners for this purpose, to fix a day in the order of appointment when their report is to be filed.

The contention on the part of the railroad company is that the language in this respect is merely directory, and that the order will not fall because the direction was not obeyed. The question thus raised must be settled by an application of the doctrine established by this court in *Proprietors, &c.,* ads. *Jones,* 7 *Vroom* 206, the judgment in which case was affirmed by the Court of Errors, for the reasons given in the opinion in this court. *Jones* v. *Morristown Aqueduct Co.,* 8 *Id.* 556. That opinion was delivered by Chief Justice Beasley, and in it he thus indicates how such a question is to be solved. He says : " When an act is authorized or directed to be done by a written law, and the time and modes of doing such act are declared, it must, of necessity, oftentimes be a question, in each particular instance, whether the time or mode so declared was so material in the eyes of the lawmaker that he has made either an indispensable part of the affair. This idea is expressed by Lord Mansfield, in *Rex* v. *Loxdale,* 1 *Burr.* 447, in which he says, ' There is a known distinction between circumstances which are of the essence of a thing required to be done by an act of parliament and clauses merely directory.' What has been made a matter of the essence of the thing can be ascertained only by judicial construction." The learned Chief Justice deduces this proposition as established by the majority of the authorities, viz., " that every requirement of the act must have the full effect the language imports, unless such interpretation of the words will lead to great inconvenience, injustice or a subversion of some important object of the act."

Applying this test to the act in question, I find it impossible to construe the clause which impliedly requires the court or justice making an order for the appointment of commissioners to insert in the order a designation of the day when their report shall be made or filed as merely directory. On the contrary, I think it is clearly mandatory.

The purpose of the act was plainly to establish uniform rules in respect to all appeals from the award of commissioners in all cases of condemnation. One of the rules fixed a limit of time for taking an appeal. It had been seriously

questioned whether the right of the landowner to appeal, when his lands were sought to be condemned under the General Railroad law, was not limited to the time which elapsed between the filing of the report and the tender and payment of the amount awarded into court. This contention tended to produce what the Chancellor, in *Waite* v. *Port Reading Railway Co.*, 3 *Dick. Ch. Rep.* 346, called "An unseemly scramble between the owner and the company," the former seeking to appeal before tender and payment into court, and the latter seeking to tender and pay into court before an appeal could be taken. Although, in the case last cited and in other cases, it was held that the landowner might appeal notwithstanding the amount of the award had been tendered and paid into court, provided he took his appeal within a reasonable time, yet this construction of the General Railroad law left an obvious uncertainty. What was a reasonable time for taking an appeal might be determined differently by the condemning company seeking to obtain possession and by the landowner seeking to secure just compensation. Similar uncertainty existed under other laws granting the right of eminent domain.

The act in question evidently was designed to cure this evil by fixing a period within which an appeal might be taken. The period which the act prescribed was to commence on the day fixed in the order of appointment for the filing of the report of the commissioners unless the time was extended. Obviously the scheme of the act in this respect would be wholly defeated if the order of appointment omitted to fix such a day. Fixing the day in the order was plainly of the essence of the purpose of the act, and the legislative intent must have been to make it mandatory upon the appointing officers to do so. This construction leads neither to inconvenience or injustice, nor does it subvert any object of the act.

This contention of defendant cannot prevail. Nor can I yield to the further contention that the clause in question requiring a day to be fixed in the order of appointment, was designed wholly for the benefit of the condemning company

and might be, therefore, waived by it. It may be questioned whether any corporation which is empowered to exercise the right of eminent domain and to condemn the lands or property of an owner by proceedings particularly prescribed, can waive the omission of any part of the prescribed proceedings enjoined by mandatory provisions of the law. Whether, if the landowner makes no preliminary objection but appears before commissioners appointed under an order which does not designate a time when their report shall be made or filed, he can afterward avail himself of the discretionary writ of *certiorari* is not intended to be decided. Nor do I think that this clause was designed solely for the benefit of the condemning company. It also benefited the landowner, as has been shown, by putting an end to the uncertainty as to the limit of time for appeal, and that was evidently one of the legislative purposes.

The conclusion is that by reason of the omission which has been discussed the order before us is fatally defective and must be vacated and set aside. It follows that the award of the commissioners possesses no legal validity and it must also be set aside.

This renders it unnecessary to discuss the other questions which are presented in these cases.