SARAH N. DOUGHTY, PROSECUTOR, v. ATLANTIC CITY
AND SUBURBAN TRACTION COMPANY.

Argued February 18, 1904—Decided June 13, 1904.

The requirement of the act entitled "An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use (Revision of 1900)" (*Pamph. L., p.* 79), that the justice appointing commissioners shall in the order of appointment fix the date on or before which the commissioners must filed their report, is not directory, but mandatory, and an order which omits to fix a day is fatally defective.

On *certiorari.*

Before Justices FORT and GARRETSON.

For the prosecutor, *Herbert A. Drake.*

For the defendant, *Eli H. Chandler.*

The opinion of the court was delivered by

GARRETSON, J.   Two writs of *certiorari* were allowed to bring up the proceedings to condemn two separate tracts of land of the prosecutor.

The defendant is a corporation organized under what is known as the Trolley act of 1893 (*Pamph. L., p.* 302), and by that act is authorized to condemn lands for its purposes.

The proceedings for such condemnation must be in accordance with "An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use (Revision of 1900)." *Pamph. L., p.* 79, § 17.

By section 5 of the act of 1900 it is provided that in the order appointing commissioners the justice making the appointment shall fix the date on or before which the commissioners must file their report.

That was not done in these cases. The orders of appointment are silent as to the time when the commissioners are to

report. These orders are dated July 23d, 1903. The reports of the commissioners are dated September 3d, 1903, and filed September 11th, 1903. On the 10th of November, 1903, a petition was filed asking the justice to amend the order of appointment by inserting therein that the commissioners file report of their proceedings on or before the 1st day of October, 1903, and on the 17th day of November, 1903, such order of amendment was made. Such amendment, made after the commissioners had reported, was insufficient to correct the omission in the original orders. And, besides, the order of amendment made on the 17th of November that the commissioners file their report on or before October 1st, and the report having been actually filed September 10th, deprived the property owner of his right of appeal, which, by section 9 of the act of 1900, must be taken within ten days after the day limited by the order of the justice as the day on or before which said report shall be filed. The fixing in the orders of the time within which the commissioners must report is mandatory, and is necessary to give the commissioners jurisdiction to proceed.

An act of 1893 (*Gen. Stat., p.* 1386) regulated the proceedings in cases of condemnation up to the revision of 1900, *supra,* when the act of 1893 was repealed, and proceedings thereafter were regulated by the act of 1900.

Section 1 of the act of 1900 provided "that all reports of commissioners hereafter appointed by any court or by any justice of the Supreme Court to appraise the damages for the taking of any lands or other property for public use, shall be made or filed on or before a day to be fixed in the order of appointment, unless the court or justice shall by order extend the time, in which case the report shall be made on or before the day limited by the said court or justice, and every appeal from such report shall be taken within five days after the day thus fixed." In considering this section, the Supreme Court, in *Bray* v. *Ocean City Railroad Co.,* 31 *Vroom* 91, held that the language contained either a mandate or direction to any court or justice appointing commissioners for this purpose to fix a day in the order of appointment when

their report is to be filed; that it is impossible to construe the clause which impliedly requires the court or justice making an order for the appointment of commissioners to insert in the order a designation of the day when their report shall be made or filed as merely directory; it is clearly mandatory, and the conclusion in that case was that by reason of the omission to fix in the order of appointment the day on or before which the commissioners should report was fatally defective and must be vacated and set aside, and that it followed that the award of the commissioners possessed no legal validity, and must be also set aside.

Section 5 of the act of 1900 contains, in express language, a positive direction to the judge making an order appointing commissioners in the order of appointment to fix the date on or before which the commissioners must file their report, and also authorizes the justice, for good cause, to extend the time, and directs that the report shall be made on or before the day named by the justice. It follows, necessarily, that the effect given by *Bray* v. *Ocean City Railroad Co., supra,* to the inference from the act of 1893, must control the positive direction of the act of 1900.

The report of the commissioners recited that the prosecutor appeared before them, but one of the commissioners testified that she did not, and an affidavit of the prosecutor sets forth that she attended at a time and place of which the commissioners gave notice, but they were not present, so that we think that the prosecutor was not deprived of the right to avail herself of these writs. *Bray* v. *Ocean City Railroad Co., supra* (at *p.* 95).

The result is that the orders before us appointing commissioners are fatally defective, and must be vacated and set aside, and that the awards of the commimssioners possess no legal validity, and must also be set aside.

This renders it unnecessary to discuss the other questions which are presented in these cases.