FLORENCE E. PALMER

*v.*

JOHN A. McFADDEN, guardian, et al.

[Decided April 1st, 1916.]

Motion to vacate an order restraining the sale of property on writ of *fieri facias* to satisfy the claim of an insurance company, which may prove to have no existence, the issues presented requiring a construction of the contract of insurance, &c., will be denied.

*Mr. William F. Reibel,* for the complainant.

*Messrs. Lindabury, Depue & Faulks,* for the defendants.

FOSTER, V. C.

From the bill, answer, replication and affidavits the present position of this controversy seems to be that the defendant the Niagara Fire Insurance Company is the holder by assignment from the defendant McFadden of a bond and mortgage and a decree of foreclosure for $3,225, and interest, against complainant's premises, which it is seeking to secure the payment of by a sale of the property under a writ of *fi. fa.,* now in the hands of the sheriff of Union county.

The order restraining this sale it is now sought to have vacated on the grounds that the insurance company which, with two other companies, issued insurance aggregating $14,500 on the premises in question, had paid to the defendant McFadden, on account of its policy of $3,500, at the time the insured premises were destroyed by fire, $3,416.67 for his decree and interest, which were then assigned to it; that by reason of the terms of the policy and of the assignment, the insurance company is entitled to be subrogated to McFadden's rights and position in the foreclosure proceedings, and that it is especially entitled to such subrogation because, in settling with McFadden as mortgagee, under the policy, it paid him $1,968.40 more than it was liable for under the contribution clause of its policy.

Complainant's loss from the fire was appraised at $5,205.82 and the sound value of the property at $6,002.62. Complainant dissented from this appraisal and claims she is not bound by it.

Of this loss of $5,205.82 the Scottish Union and National Insurance Company, on its policy for $6,000, was compelled by suit to pay its proportion of the loss under the contribution clause, amounting to $2,460, and costs, and the Northern Insurance Company was likewise compelled by suit to pay on its policy for $5,000 its contribution of $2,150, and costs.

The Niagara company claims the amount it should contribute on its policy for $3,500, for its proportionate share of the loss, under the appraisal, is $1,255.60, being the balance of the appraised loss.

From the amount recovered from the two other companies $1,785 has been deposited with Newton P. Kinsey, to be held until complainant and the Niagara company adjust their differences. No adjustment has been reached.

Complainant does not admit the Niagara company's liability to be limited to $1,255.60, but claims the entire amount of the policy, and demands the difference between this amount of $3,500 and the amount paid by the insurance company to McFadden, and requests the surrender of her bond and mortgage for cancellation.

The issues thus presented require a construction of the contract of insurance between the parties, and a determination of the insurance company's right to have its liability reduced by the contributions from the other companies; and it is further necessary to determine, if such limited liability is established, whether by the terms of the policy the insurance company is entitled to be subrogated to the rights of McFadden in the foreclosure proceedings. Until these matters are determined, the sale of complainant's property now to satisfy the claim of the insurance company, a claim which may prove to have no existence, should not be permitted, and this sale must wait until final hearing.

The motion to remove the restraint is denied, with costs.