This is an action under the Declaratory Judgments act. P.L.1924 p. 312.
It appears that an action for specific performance was brought by complainant-vendor, Kate Hannan, against defendant-vendee, Margaret E. Wilson. A decree for complainant-vendor was entered September 7th, 1926. Docket 61, 275. It provided as follows:
"It is ordered, adjudged and decreed that the said articles of agreement be in all things specifically performed by said complainant, Kate Hannan, and by said defendant, Margaret E. Wilson, respectively; that said complainant keep her tender good by depositing with her solicitor in escrow a deed to defendant duly executed and acknowledged, and otherwise in accordance with the terms of said written agreement made by and between complainant and defendant; that a true copy of this decree be served upon defendant's solicitor within two days from the date hereof, and that within ten days from *Page 464 
the date of this decree said defendant pay over to complainant's solicitor the said unpaid balance of $500 on account of the purchase price."
Complainant complied with the terms of the decree. Defendant did not.
The first question is when, if at all, did title vest in the defendant, Wilson, under the terms of the statute. Section 45 of the Chancery act. 1 Comp. Stat. p. 426. The section reads as follows:
"Where a decree of the court of chancery shall be made for a conveyance, release or acquittance of lands, or any interest therein, and the party against whom the said decree shall pass, shall not comply therewith by the time appointed, then such decree shall be considered and taken, in all courts of law and equity, to have the same operation and effect and be as available as if the conveyance, release or acquittance had been executed conformably to such decree, and this notwithstanding any disability of such party," c.
Defendant maintains that the statute is applicable only in favor of a complainant-vendee.
I have been unable to find any case bearing directly on this point and counsel has not cited any in the briefs.
In the case of Weehawken Ferry Co. v. Sisson, 17 N.J. Eq. 476,
the court of errors and appeals held: "By force of the statute a decree directing a conveyance to be made vests the estate so that the rights of the parties in case of a variance between the terms of the decree and of the conveyance must depend upon the former, rather than the latter. Such a decree must be construed by the same rules as would have been applicable to a conveyance made in conformity to it."
In Fee v. Sharkey, 59 N.J. Eq. 284; affirmed, 60 N.J. Eq. 446,
the court held:
"It is not essential to the validity of a deed made by a married woman in pursuance of a decree of a court of equity that she should make the statutory acknowledgment necessary to convey property in her own right or to bar the dower in her husband's land."
In White v. White, 61 N.J. Eq. 629, the court said: "If the owner B refuses to comply with the decree [to convey] it will operate as a conveyance." *Page 465 
In the case of McVoy v. Baumann, 93 N.J. Eq. 638 (at p.642), the court of errors and appeals held: "It may be observed that the resulting decree in a case of this nature, under our legislation operates ipso facto to convey the locus im quo
regardless of the situs of the parties, and their failure to comply with the mandate of the final decree." To uphold the defendant's contention would be tantamount to saying that after defendant had submited his case to the court and a decree had been entered against him with which he was dissatisfied, he could defeat its purpose by refusing to comply with its terms.
I do not believe this was the meaning of the legislature. I believe the plain intention of the statute is to insure to the successful party in litigation of this character the relief granted by the court's decree. And this whether said successful party be vendee or vendor. The suit is, in effect, a transfer of the title, and if defendant fails to comply within the time appointed in the decree, the statute steps in and effects a transfer by operation of law. A suit of this nature — specific performance — is a bi-partite action. The decree operates on each litigant, and, in effect, says one must convey by deed, the other must accept the deed and pay the proper consideration. In my opinion the statute quoted above applies to both parties to the suit whatever their position therein may be — vendor or vendee.
The second question is, Is complainant to make adjustments provided for in said agreement from the date fixed by the statute or from the closing date fixed by the agreement of sale?
The decree, it seems to me, merely indicates that the agreement shall be enforced according to its terms. The court made no new contract. It simply said the arrangement as originally entered into shall be enforced. The adjustments should be made according to the terms of the original contract.
I will advise a decree according to these conclusions. *Page 466