STATE BOARD OF TAX APPEALS.

CITY OF HOBOKEN, PETITIONER, v. WILLIAM D. KELLY, STATE TAX COMMISSIONER, AND NEW YORK CEN- TRAL RAILROAD SYSTEM, RESPONDENTS.

Decided June 15, 1943.

194

For the motion, *Maximilian M. Stallman.*

*Contra, John J. Fallon* (by *Frank P. McCarthy*).

WAESCHE, President. This is a motion on behalf of the taxpayers, the several companies constituting the New York Central. Railroad System, to dismiss for lack of jurisdiction the appeal complaint filed with this Board on May 17th, 1943, by the taxing district, City of Hoboken, to contest the assessment of property used for railroad purposes, made by the State Tax Commissioner pursuant to chapter 291 of the laws of 1941 and the amendments thereto, *N. J. S. A.* 54:29A-1 *et seq.*, for the 1943 property taxes.

The statute permitting the filing of said complaint reads as follows:

"The authorities of a taxing district, desiring to contest the validity or amount of any assessment or reassessment of property * * * made by the commissioner under this act, may, as to the assessment or reassessment of property tax, on or before the third Monday of May following the assessment or reassessment thereof * * * file a written complaint with the State Board of Tax Appeals, specifying the grounds of complaint and the relief sought * * *." *N. J. S. A.* 54:29A-31; *Pamph. L.* 1942, *ch.* 337, § 6, amending *Pamph. L.* 1941, *ch.* 291, § 31.

A municipality desiring to take advantage of the provisions of the foregoing statute must comply with certain definite statutory requirements set forth as follows:

"If the complaint is made by * * * any taxing district, a copy of the complaint and notice of application for hearing thereon shall be served upon the taxpayer five days before the filing of the complaint by leaving a copy of such complaint

and notice at its principal office in this state." *N. J. S. A.*
54:29A-32; *Pamph. L.* 1941, *ch.* 291, § 32.

There is no dispute that the City of Hoboken had a right
to file a complaint and that such complaint was filed with
the State Board of Tax Appeals on the third Monday of
May within the time limited by statute, but the basis of the
motion is that the procedural requirements of the statute
quoted were not complied with by the City of Hoboken.

Briefly stated, the facts surrounding the service of a copy
of the complaint upon the taxpayers here involved are that
on May 11th, 1943, the City of Hoboken, by its attorney,
deposited in a United States mail bag in the Trust Company
of New Jersey building in Jersey City, New Jersey (which
bag was placed there for the receipt of mail), a letter
addressed to Maximilian M. Stallman, Esq., 810 Broad Street,
Newark, New Jersey, with postage thereon fully prepaid,
containing a copy of the said complaint filed in this cause.
This letter, containing the said complaint was subsequently
delivered to the addressee at his office at 810 Broad Street,
Newark, New Jersey, on May 14th, 1943. The said office
of Maximilian M. Stallman at 810 Broad Street, Newark,
New Jersey, is not the principal office in this state of any
of the taxpayers involved in this appeal.

It will be noted that the statute requires the service of a
"notice of application for hearing" by the taxing district
upon the taxpayer. This is in addition to the service of the
complaint. The complaint contains the following statement:

"The City of Hoboken respectfully requests your honor-
able Board to hear the matter and correct the assessment in
taxes by increasing the assessment as shown on Schedule A
annexed hereto and made a part hereof and that the Board
order the proper classification of railroad properties as
between the various classes thereof."

It is the contention of the City of Hoboken that the fore-
going quoted paragraph constitutes a "notice of application
for hearing" of the complaint filed. Counsel for the railroads
takes the opposite view.

Proponents of the motion urge that the statutory require-
ments as to the service of a copy of the complaint and notice

of application as outlined are mandatory, and since there was no strict compliance with these requirements the State Board of Tax Appeals acquires no jurisdiction of the subject-matter of the complaint. The City of Hoboken urges that these statutory requirements are directory only; that inasmuch as there was substantial compliance with the requirements of service, that this Board can and should overlook any deficiencies in a strict compliance with the statutory requirements and assume jurisdiction.

The State Board of Tax Appeals is a special statutory tribunal and is therefore strictly limited within the bounds of the jurisdiction prescribed by the legislature which created it and fixed its powers and duties. *City of New Brunswick v. Upsilon Chapter, &c., of Rutgers University et al.,* 18 *N. J. Mis. R.* 147; 11 *Atl. Rep.* (*2d*) 430. There is no common law right to an appeal and such a right is not given in our constitution. The right to an appeal is purely a statutory privilege in this state. *In re Hudson County,* 106 *N. J. L.* 62, 72; 144 *Atl. Rep.* 169.

This Board has the right to interpret statutes, being bound, however, by the principles laid down by our courts in cases dealing with this subject. Of course, before there can be any interpretation of a statute, there must exist some ambiguity in the language of the statute. We see no ambiguity in the statute in question.

In the case of *Proprietors of Morris Aqueduct* ads. *Jones,* 36 *N. J. L.* 206, Chief Justice Beasley wrote the opinion of the Supreme Court. The Court of Errors and Appeals affirmed the judgment of the Supreme Court on the opinion of the Chief Justice (37 *N. J. L.* 556). In his opinion he said:

"Whether the notice of appeal from the award of the commissioners appointed to assess the value of the land of the petitioner and his damages, is sufficient, is the point in dispute. The statute in question declares that the party aggrieved by such award may appeal to the 'next or second term of the court,' and that notice thereof shall be served 'upon the opposite party two weeks prior to such term.' The appeal in this case was made to the first day of the second term, a notice thereof of one week having been given; * * *

"Upon the argument before the course, an effort was made, on two grounds, to avoid the effect of this clear statutory expression. The first position taken was, that the legislative direction, with respect to the time for which notice of the appeal is to be given, is not mandatory, but merely directory. * * *

"When an act is authorized or directed to be done by a written law, and the time and modes of doing such act are declared, it must, of necessity, oftentimes, be a question, in each particular instance, whether the time or mode so declared was so material in the eyes of the lawmaker, that he has made either an indispensable part of the affair. This idea is expressed by Lord Mansfield in the case of *Rex* v. *Loxdale,* 1 *Burr.* 447, in which he says: 'There is a known distinction between circumstances which are of the essence of a thing required to be done by an act of Parliament, and clauses merely directory.' * * *

"I am sure that the following proposition is established by the large majority of these authorities, viz.: That every requirement of the act must have the full effect the language imports, unless such interpretation of the words will lead to great inconvenience, injustice, or a subversion of some important object of the act.

"Judging the question now considered by this text, it is clear that the petitioner cannot stand on the ground assumed by him. It has been already said, that the language of this provision in question is too plain to admit of discussion. The right of appeal is given, but it is limited by two conditions; First, it must be made to the first or second term of the court; and, second, a notice of such appeal must be given two weeks before such term. These restrictions upon the right are reasonable; they harmonize with the general scheme of this law, and they lead to no inequitable result. On what ground can they be dispensed with? If the time for notice can be disregarded, so also can the time in which the appeal is required to be made. It is obvious, that if it should be declared that this provision is merely directory, that it simply suggests a convenient mode of proceeding, carrying with it no mandatory force, no rule whatever exists, either as to the time of appealing or of giving notice. Such a conclusion

has the effect of entirely abolishing the requirement in question; plain language aiming at a reasonable purpose, is not permitted to operate at all. I find no precedent for such a determination, and it seems opposed to all rational rules of statutory construction. The first ground should, I think, be overruled. * * *"

The Prerogative Court said in the opinion of the Ordinary in the case of *Ellison* v. *Lindsley*, 33 *N. J. Eq.* 258:

"The only question presented for decision is, whether such posting of the claim was a 'presenting' (the term used in the third section of the act) or 'exhibiting' (the term employed in the twentieth section) of the claim within the limited period, within the meaning of the act. It certainly cannot be held to be so. If mailing the claim in time to reach the assignee by due course of mail, if no delay should occur, were to be held to be equivalent to presenting or exhibiting the claim, though it should not reach the assignee, it would, of course, be so on any other day than the last day of the limited period as well as on that day. * * *

"A claim sent by mail may, of course, never reach the assignee. The creditor who has recourse to that method of transmitting his claim takes the risk of its reaching its destination in due time. The assignee is to know who are the creditors who make claim as such by their act in presenting or exhibiting their claims within the prescribed period.

"It is urged, in this case, that the failure to present the claim at an earlier day was due to a mere mistake on the part of the appellants, and that that fact entitles them to a consideration which they could not claim if they were guilty of negligence. The alleged mistake was wholly their own. It arose from misreading the entry, in their own book, of the time when the limitation would expire. The Orphans Court has no power to relieve the appellants from the consequences of their mistake. The language of the statute is clear, and the court was not at liberty to extend it by construction. *Proprietors of Morris Aqueduct Co.* ads. *Jones*, 7 *Vr.* 206; *Stelle* v. *Conover*, 3 *Stew. Eq.* 640. * * *"

In the opinion in the case of *Bray* v. *Ocean City Railroad Co.*, 60 *N. J. L.* 91; 36 *Atl. Rep.* 879, the Supreme Court said:

"One of the reasons in each case presents the question whether the order appointing commissioners is fatally defective because it fails to designate or fix a day when the report of the commissioners should be made or filed. * * *

"The language used to express the legislative design in the first section is as follows: 'That all reports of commissioners hereafter appointed by any court, or by any justice of the Supreme Court, to appraise the damages for the taking of lands or other property for public use, shall be made or filed on or before a day to be fixed in the order of appointment, unless the court or justice shall, by order, extend the time, in which case the report shall be made on or before the day limited by said court or justice, and every appeal from such report shall be taken within five days after the day thus fixed.

"It is impossible to construe this language otherwise than as containing either a mandate or a direction to any court or justice appointing commissioners for this purpose, to fix a day in the order of appointment when their report is to be filed.

"The contention on the part of the railroad company is that the language in this respect is merely directory, and that the order will not fail because the direction was not obeyed. The question thus raised must be settled by an application of the doctrine established by this court in *Proprietors, &c., ads. Jones,* 7 *Vr.* 206, the judgment in which case was affirmed by the Court of Errors, for the reasons given in the opinion in this court. *Jones* v. *Morristown Aqueduct Co.,* 8 *Id.* 556.

"Applying this test to the act in question, I find it impossible to construe the clause which impliedly requires the court or justice making an order for the appointment of commissioners to insert in the order a designation of the day when their report shall be made or filed as merely directory. On the contrary, I think it is clearly mandatory.

"The purpose of the act was plainly to establish uniform rules in respect to all appeals from the award of commissioners in all cases of condemnation. One of the rules fixed a limit of time for taking an appeal. * * *"

In the opinion in the case of *Douglass* v. *Chosen Free-holders of Essex County*, 38 *N. J. L.* 214, the Supreme Court said:

"It is no province of the courts to supervise legislation, and keep it within the bounds of propriety and common sense, so that even if in this case it could be demonstrated that the regulation in question was incommodious, or even hurtful, an appeal for relief to the judicial power would be utterly in vain. This enactment declares that no person elected in pursuance of it shall enter upon the discharge of his duties, unless he shall take an oath within twenty days after his election. The chosen freeholders are elected in pursuance of this charter, as much as the mayor of the city is. It is impossible, naturally, to deny that this expression is plain and certain, or that it embraces these officers—the relators—and this being so, the inquiry is ended.

"But in the next place it was urged, that this requirement fixing the time in which the official oath is to be taken, is not mandatory, but is merely directory. This question, when a statutory designation of time, with respect to the doing of an act, will be considered material to the legislative purpose, or when not, was fully considered by this court in the case of the *Proprietors of the Morris Aqueduct* ads. *Jones,* reported in 7 *Vr.* 206. The general rule there propounded is, that the prescription of the time in a statute is material, unless an intent is clearly evinced from the nature of the act to be done or the general purport of the law, that it was not so intended. The application of this rule obviously leads to the conclusion that this limit of time in this act is mandatory, and must be submitted to. The whole section is framed for the purpose of giving it such efficacy, and to ask the court to disregard the injunction as to time is, in substance, to ask the court to draw a pen through the entire section. Where the statute has said that one of these officers shall 'not enter upon the discharge of his duties, unless within twenty days after his election,' &c., he shall take and subscribe an oath, it would be a simple usurpation of power for the court to say that he may enter upon the discharge of such duty upon taking an oath after the lapse of the period

designated. The time set is a reasonable one; to conform to it is not even inconvenient; I can see no color of reason for refusing obedience to such a direction. No adjudication which was cited, or which I have seen, affords any countenance for the rejection of such a regulation.

"The relators forfeited their right to claim their office under their election, by reason of their neglect to become qualified in accordance with this provision of the charter of the city. * * *"

In the case of *White* v. *White*, 61 *N. J. Eq.* 629; 47 *Atl. Rep.* 628, 629, a motion was made to the Court of Errors and Appeals to dismiss the appeal on the ground that it was taken too late. The court said in its opinion granting the application for a dismissal of the appeal:

"It is not contended that the legislature may not fix a period of limitation within which a review of a judicial determination must be sought in this court. The contention is that, in the statute before us, the words used to express the limitation in this class of causes are not to be interpreted in their plain and obvious meaning, but that a meaning is to be attributed to them restricting their operation to a portion of the class.

"The rule applicable to the construction of statutes in this respect was laid down in this court by Mr. Justice Elmer thus: 'No principle is better settled or more important to be faithfully adhered to by courts called upon to enforce written statutes than that, in the absence of ambiguity in the language used, no exposition shall be made which is in opposition to the express words, or, as the maxim is sometimes expressed, it is not allowed to interpret what has no need of interpretation.' The learned justice then proceeded to quote, with approbation, the statement of the rule by Mr. Justice Washington, in *United States* v. *Fisher*, 2 *Cranch* 399, to this effect: 'When a law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction. But if, from a view of the whole law, or from other laws *in pari materia*, the evident intention is different from the literal

import of the terms employed to express it in a particular part of the law, that intention should prevail, for that, in fact, is the will of the legislature." *Rudderow* v. *State*, 2 *Vr.* 512.

"In the same line Chief Justice Beasley declared that where the letter of the law is absolutely unambiguous and definite and is susceptible of but a single meaning, the clause under construction must be read in such sense, no matter to what futility it may lead. *Van Riper* v. *Parsons*, 11 *Vr.* 1. * * *

"It is not within the province of the courts to construe the language of legislative acts by an inquiry into what the legislature ought to have intended thereby. Their duty is restricted to the question what the legislature did intend thereby, as discovered from its acts. To step beyond this restriction is judicial legislation and not judicial construction. * * *"

See, also, *Herod* v. *Mutual Chemical Company of America*, 115 *N. J. L.* 369; 180 *Atl. Rep.* 432; *Otto* v. *Braddock*, 119 *N. J. L.* 507, 510; 197 *Atl. Rep.* 271; *Island Heights, &c., Co.* v. *Brooks & Brooks*, 88 *N. J. L.* 613; 97 *Atl. Rep.* 267; *Earle* v. *Willets & Co.*, 56 *N. J. L.* 334; 29 *Atl. Rep.* 198; *Water Commissioners* v. *Brewster*, 42 *N. J. L.* 125.

In the opinion in the case of *Seiler* v. *Simpson*, 76 *N. J. L.* 450; 69 *Atl. Rep.* 971, the Supreme Court said:

"The District Court Act prescribes that a party may appeal 'if such party shall within ten days after such determination, give notice of such appeal * * * and enter into bond, &c., * * * to be approved by the District Court Judge.' Both a notice of appeal and the entering into bond are necessary steps. * * *

"In the present instance the two acts above stated have not been done, and the omission of either is fatal. The appeal has, therefore, not been perfected so as to give this court the right to act."

See, also, *Lewandowski* v. *Polonia Publishing Co.*, 111 *N. J. L.* 248; 168 *Atl. Rep.* 273; *Wykes* v. *Smarak*, 84 *N. J. L.* 529; 87 *Atl. Rep.* 333; *Zagerman* v. *Fenning*, 9 *N. J. Mis. R.* 997; 156 *Atl. Rep.* 422.

In the case of *Gloucester City* v. *Greene,* 45 *N. J. Eq.* 747, 751; 18 *Atl. Rep.* 81, the Prerogative Court held:

"The right of appeal is conditional upon its being demanded within the time limited by the statute. *Hillyer* v. *Schenck,* 2 *McCart.* 398, 401. The rule is firmly settled that a person believing himself to be aggrieved by a decree of the Orphans Court, must, in order to place himself in a position where he will have a right to have such decree reviewed on appeal, make a written demand of appeal to the court pronouncing the decree within the period fixed by the statute, and that if he fails to do so, his right of appeal will be lost forever. *Hillyer* v. *Schenck, supra; Claypool* v. *Norcross,* 9 *Stew. Eq.* 524; *S. C.* on appeal, 10 *Stew. Eq.* 261. This being the law, I think it would require the exercise of a very dangerous degree of ingenuity to find a way by which this court could, notwithstanding the fact that no appeal has been demanded within the time limited by statute, take jurisdiction of the question whether the decree of February 24th, 1888, was valid or not, and pronounce a judgment either affirming or reversing it."

In the case of *Oradell* v. *State Board of Tax Appeals,* 123 *N. J. L.* 86; 8 *Atl. Rep.* (*2d*) 100, the Supreme Court held that:

"This petition of appeal, according to the proofs in the depositions, was neither served on the counsel for nor the clerk of the borough. It follows therefore that the county board acquired no jurisdiction whatever for failure of such service of the petition of appeal on those representative officials of the taxing authority, as required by statute—*R. S.* 54:3–21 *et seq.; N. J. S. A.* 54:3–21 *et seq.* The judgment of the county board, in the circumstances, was a nullity."

The Court of Errors and Appeals found no fault with this ruling, but reversed the decision of the Supreme Court on other grounds. 125 *N. J. L.* 37; 13 *Atl. Rep.* (*2d*) 479.

The following statement of the law is taken from 3 *Cooley on Taxation* (*4th ed.*) § 1206:

"Conditions precedent to a statutory review by an officer or board must, of course, be complied with. Whatever may be the relief sought, the party applying for it must comply

strictly with the provisions of the statute which confers the right."

The following is a general statement of the law taken from *Corp. Jur. Secundum:*

"The right of appeal being purely statutory, \* \* \* it is an essential to the jurisdiction of the appellate court that there be, \* \* \*, a compliance with all applicable statutory requirements \* \* \*. For a court either to limit the language used or to add to it would be judicial legislation beyond its province." 4 *C. J. S., tit. "Appeal and Error,"* 881, § 425.

"\* \* \* the statutes usually require a citation, summons, or notice of appeal to appellee or defendant in error, and compliance with the statute in this respect is generally essential \* \* \* to the jurisdiction of the appellate court \* \* \*. Actual knowledge of the appeal by appellee does not, as a general rule, dispense with the statutory requirements \* \* \*." 4 *C. J. S., tit. "Appeal and Error,"* 1040, § 574.

We are of the opinion that the statement quoted above from the complaint of the City of Hoboken does not constitute a "notice of application for hearing" as required by the statute; but even if this quoted statement does constitute such notice, it was not served at the "principal office in this state" of the taxpayers involved and was not served "five days before the filing of the complaint" with this Board.

In view of the numerous decisions of our courts as herein noted, we think that the requirements as prescribed by section 32 of chapter 291 of the laws of 1941 for perfecting an appeal to this Board from the assessment of property used for railroad purposes made by the State Tax Commissioner are mandatory and jurisdictional. Since they were not complied with in this case, we have no jurisdiction to hear the appeal.

The motion to dismiss the appeal must therefore prevail.