23 N.J. Super. 261 (1952)
92 A.2d 849
STANLEY CWIAKALA AND ARNO J. PICKEL, PLAINTIFFS,
v.
HARRY GIUNTA, CARMELA GIUNTA, HIS WIFE, CARMEN G. DE MEGLIO, AND CHARLES GAMBA, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 24, 1952.
*262 Mr. Arthur E. Dienst, attorney of plaintiffs.
Mr. Jacob M. Goldberg, attorney for defendants Harry Giunta and Carmela Giunta.
Mr. Michael L. Mango, attorney for defendants Carmen G. DeMeglio and Charles Gamba.
COLIE, J.S.C.
This is a suit for specific performance. The matter is now before the court upon a motion for summary judgment. The facts are not in dispute.
On September 6, 1947 defendants Harry Giunta and Carmela Giunta, his wife, entered into a written lease with the plaintiffs, Stanley Cwiakala and Arno J. Pickel, for the rental of a store in premises owned by the Giuntas at 55 16th Avenue in the City of Newark for the term of five years. The lessees were described therein as "Stanley Cwiakala and Arno J. Pickel individually and as co-partners." The lease contained the following provisions:
*263 "AND it is further agreed that the party of the second part shall have the option to purchase the said lands and premises located at 55-16th Avenue, Newark, New Jersey, for the sum of Twelve Thousand Dollars ($12,000), payable Five Thousand Dollars ($5000.00) in cash and the balance of the purchase price of Seven Thousand Dollars ($7000.00) to be evidenced by a bond and secured by a mortgage on said premises, the said bond and mortgage to be payable within seven (7) years from the date thereof, with interest at four and one-half per cent (4 1/2%) per annum and payable quarterly, and also with amortization payments of One Thousand Dollars ($1000) per year, payable quarterly; provided, however, that the said option to purchase the said lands and premises shall be exercised by the party of the second part during the term of this lease."
The lease was recorded in the register's office of Essex County on January 12, 1948 in Book I-110 of Deeds for said county on page 358.
On October 16, 1950 the Giuntas entered into long-term leases with the defendants Carmen G. DeMeglio and Charles Gamba for the second and third floor apartments in the premises.
On September 17, 1947 plaintiffs entered into a partnership agreement to conduct a bakery business in the store premises. The partnership continued to November 29, 1950, when plaintiff Cwiakala sold his interest therein to plaintiff Pickel, including his interest in the lease, and took a chattel mortgage for part of the consideration, which mortgage included the lease.
On May 20, 1952 plaintiff Pickel notified the Giuntas that he was the holder of the lease and option to purchase the premises and that he was ready to exercise the option and perform the conditions as provided in the lease. By written agreement dated June 16, 1952 Cwiakala agreed with Pickel to execute the bond and mortgage in the form requested by the option in the lease.
The Giuntas resist this motion upon the sole ground as stated in their brief "that the mortgage obligation provided for in the lease could not be carried out because of the non-existence of the bakery partnership provided for and contemplated in the agreement." This objection is untenable. *264 The provisions of the lease do not make the option to purchase dependent upon the continuance of the bakery partnership. In fact, the lease makes no mention of such a partnership or of any other type of partnership. Even assuming the objection to be valid, it becomes immaterial because plaintiffs have offered to pay the purchase price in cash thus obviating the necessity for a bond secured by a mortgage. Weidenbaum v. Raphael, 83 N.J. Eq. 17 (Ch. 1914); Carluccio v. 607 Hudson St. Holding Co., Inc., 141 N.J. Eq. 449 (E. & A. 1948).
The defendants DeMeglio and Gamba contend that inasmuch as their leases were made prior to the time plaintiffs exercised their option to purchase, plaintiffs must take the title subject to their leases. The lease was recorded in the Essex County register's office and these defendants are charged with notice thereof, R.S. 46:21-1; McVoy v. Baumann, 93 N.J. Eq. 638 (E. & A. 1922); Page v. Martin, 46 N.J. Eq. 585 (E. & A. 1890), and hence their rights are subject and subordinate to those of the plaintiffs.
"Where the holder of an option exercises his right thereunder and makes a purchase of real estate covered by the option, his act will relate back to the time of giving the option so as to cut off the rights of all persons who with knowledge of the option acquired subsequent interests in the land. Therefore, a holder of an option to purchase real property, given for a valuable consideration and duly accepted, may, under the prevailing rule, maintain a suit for specific performance against one purchasing the property with notice of the option. * * *"
49 Am. Jur., Specific Performance, sec. 148, page 172; see also Page v. Martin, supra. In the latter case the Court of Errors and Appeals approved the doctrine that an option to purchase is equivalent to a conditional agreement to convey.
Where specific performance would be decreed between the original parties to a contract, it will be decreed between all claiming under them, if there are no intervening equities otherwise controlling the case. McVoy v. Baumann, supra.
My conclusion is that summary judgment for specific performance be entered against all defendants.